## HENRY CORWITH, Appellant,

*vs.*

## THE STATE BANK OF ILLINOIS, Respondent.

### 26 APPEALS FROM CIRCUIT COURT, LAFAYETTE COUNTY.

Rule eleven of the circuit court which requires the affidavits, &c., whereon a motion is to be founded to be served upon the attorney of the opposite side, with the notice of the motion, is not complied with by a reference in general terms to the records and papers on file in the suit, as the foundation of the motion, but if the reference is to the records a copy of the same may be served with the motion papers.

Where the circuit court makes an order sustaining a motion for other reasons than those assigned in the motion itself, this court will reverse the order so made.

These cases now come here upon appeals from orders made by the circuit court of La Fayette county, setting aside the sales made under the executions issued by the appellant, Corwith, against the respondent. The facts in the original case are fully stated in 6 Wis. Rep., 551; where this court reversed the judgment upon which these executions issued. The appellant's judgment was entered in the spring term, 1855, and the executions were issued the same year to the sheriff of La Fayette, Grant and Iowa counties, which were severally executed and the lands belonging to the respondent sold; some to disinterested purchasers, and the balance to Corwith. These sales were made while the cause was pending in this court on the writ of error. (6 Wis., 551.) No supersedeas was issued or asked for, nor action on the judgment or execution in any manner stayed. After the sales on the execution the judgment was reversed, and the cause remanded for a new trial; after which time the motion in this

case was made, and sustained by the circuit judge. There were twenty-six motions made, and as many orders entered, from all of which these appeals are separately taken, some by Corwith alone, and others with him and the purchaser of the respective parcels of land; all the orders are the same, except the name of the county in which the writs were executed, and were as follows:

"The motion made in this cause by the above named defendant, by Samuel Crawford, attorney, to set aside the sale of real estate made upon the writ of *fieri facias*, or execution, issued in this case to the sheriff of the county of Iowa, which writ bore date the twenty-first day of May, 1855, and which sales were made to Henry Corwith; and notice of said motion having been duly served upon the said Henry Corwith, and the same having been argued by the attorneys of the parties respectively, and it appearing to the court, now here, that no seal was attached to the execution upon which such sales were made, it is now by the court ORDERED, and ADJUDGED, that said motion be, and the same is hereby sustained, granted, and allowed, and the sales aforesaid made to the said Henry Corwith hereby vacated, set aside, annulled, and declared to be of no effect. And it is further ordered that the said Henry Corwith pay the costs of said motion, to-wit: the sum of ten dollars costs, and disbursements, amounting in the whole to the sum of seventeen and 57-100 dollars, and that execution issue therefor.

Dated May 25th, 1857.

(By the Court,)

M. M. COTHREN, Circuit Judge."

*J. H. Knowlton and J. A. Sleeper*, for the appellants.

*Sam'l Crawford*, for respondent.

*By the Court,* WHITON, C. J. We regret that we are unable to decide all the questions which have been argued by the counsel for the parties. The notice of the motion which was served on the appellant, was as follows: "You are hereby notified that a motion with a copy of which accompanying this notice you are now served, will be brought up for argument at the next term of the circuit court, in and for the county of La Fayette, to be begun and held at the court house in Shullsburg, in said county, on the third Monday of April next, to-wit: the 20th day of April, 1857, the same being the first day of said term, or as soon thereafter as counsel can be heard. The object of which said motion, is to set aside, annul and vacate the sales of real estate made upon and by virtue of the executions issued upon the judgment rendered in the above entitled cause in the said circuit court. The said motion is based upon the records, writs and returns thereto, pertaining to said cause in the Supreme Court of the State of Wisconsin, in the said circuit court of La Fayette county." It appears that the motion to set aside the sales was entertained by the court, it appearing "that no seal was attached to the execution upon which such sales were made."

It further appears that the motion which was entertained by the court, specified the grounds upon which it was based, as follows: 1st. "Because the judgment in this case rendered in the circuit court of La Fayette county, and upon which said execution was issued, has been by the Supreme Court of the State of Wisconsin, vacated, set aside, reversed and wholly for nothing esteemed; and therefore by virtue of the statute of Wisconsin, the purchasers of said real estate, have no right to obtain a title to the same, and said purchasers have, by said statute, a right of recovery against said plaintiff for the amounts by them respectively paid upon said purchases with

interest." 2d. "Because the sales aforesaid have not been made in accordance with the laws of Wisconsin concerning sales on execution, nor was there full and sufficient notice of said sales." 3d. "Because no full and sufficient certificates of such sales, duly authenticated, have been made out and filed as the law requires." 4th. "Because the return upon said writ is insufficient and imperfect in many respects, and especially in that it does not show that there was not sufficient personal property of the defendant, on which to levy and from which to make the amount named in the writ." 5th. "Because of divers other imperfections, illegalities and omissions of duty in the levy, publication and sales aforesaid, which are apparent on the record, writ and return."

The appellant contends that the motion which was decided was irregular, and could not properly be the foundation of any action in the court below, because the party making it did not conform to the rules of court then in force. The rule upon which the appellant relies is Rule Eleven, and is as follows: "The affidavits, papers or records whereon a motion is to be founded, shall be served upon the attorney of the opposite party, with notice of the motion. After the motion shall have been heard, the papers whereon it was founded or depended, shall be filed with the clerk."

It appears that no papers were served upon the appellant with the notice of the motion; but a reference was made in general terms to certain records and papers, as the foundation of the motion. This is not a compliance with the rule, and we do not see how the appellee could derive any advantage from a motion thus irregular. The rule is imperative, and the circuit judge should have refused to sustain the motion.

It is to be further observed in this case, that the sales were set aside for a reason not specified in the motion. It does not appear that the question of the effect of the absence of a seal to the execution by virtue of which the sale was made,

was discussed by the counsel who argued the motion, or that they were aware of the existence of the defect.

We regret that we are unable to decide the question of the validity of these sales upon its merits, but as the appellant insists upon his right under the rule, we have been unable to do so. It has been argued that the rule in question requires the performance of an impossibility, because the party who makes a motion cannot obtain the possession of "records," and of course, cannot serve or file them as the rule requires We do not think the difficulty suggested exists in point of fact. Where the moving party relies upon matter which is of record in the court, the common practice is, to incorporate it in an affidavit which he makes, and a copy of which he serves upon the opposite party. This is always held sufficient.

We must, for these reasons, reverse the order of the circuit court.