BEEBEE *vs.* O'BRIEN et al.

APPEAL FROM CIRCUIT COURT, GREEN COUNTY.

Heard October 20, 1859.]                    [Decided February 7, 1860.

### *Mortgage—Practice—Statutes, repeal of.*

Chapter 220, Laws of 1859, which repealed the act of 1858, chapter 113, did not abate suits commenced and pending under it at the time of the repeal, nor affect them, except as to the time when the defendants were to be considered in default, and the time in which lands should be advertised for sale.

This case is to be distinguished from the repeal of a statute creating a cause of action, or remedy, or conferring jurisdiction where it did not before exist.

The act of 1858 provided only for the mode of conducting proceedings in foreclosure actions, after they had been commenced in the manner there directed; otherwise, the proceedings were all conducted under and by the code of procedure; and the repeal of the act did not affect the provisions of the code in relation to the actions pending at the time of the repeal.

This was an action commenced by Edward H. Beebee, against O'Brien, Graham and Jones, and the facts are sufficiently stated in the opinion of the court.

*J. C. Hopkins,* for the appellant.

*E. A. West,* for the respondents.

*By the Court,* DIXON, C. J.    This is an action for the foreclosure of a mortgage, commenced in the month of November, 1858, by the service upon all the defendants of the ordinary process of summons, requiring an answer in twenty days. Two of the defendants appeared and answered on the 12th of May, 1859.    The others made no appearance.    At the ensuing September term of the circuit court for the county of Green, in which the action was pending, it having been duly noticed for trial, as to the defendants who had appeared and answered, the plaintiff moved for trial as to them, and

Vol. X.                    31

for a judgment by default as to the remaining defendants. To both these proceedings the counsel for the defendants, who had appeared and answered, objected, for the reason that by section 4, of chapter 220, Laws of 1859, chapter 113, Laws of 1858, *commonly known as the mortgage stay law*, was repealed, without any saving clause as to foreclosure suits then pending, and that therefore no trial could be had, or judgment taken in the action. This objection was sustained by the court, and an order entered refusing to allow the plaintiff to proceed to trial or judgment; from which this appeal was taken.

If it be conceded that the act of 1858 furnished the only process by which actions for foreclosure could be commenced during its continuance as a law, it by no means follows, that its repeal, without any saving clause as to pending suits and proceedings commenced under it, would abate such suits or proceedings, or prevent the plaintiff from proceeding to a final judgment, or decree, according to the course of practice as it existed after such repeal. Under this concession, the most that can be claimed for the act is, that it was a mere regulation of the practice in that class of actions. It created no new cause of action, gave no new remedy; nor did it increase or diminish the jurisdiction of the courts. Its sole object and purpose was the modification of an existing remedy. The courts in which such actions were pending, at the time of its repeal, were courts of general and original jurisdiction, possessing the same powers and authority to hear, try, and determine them, after as before the repeal. By the service of process according to the law as it existed at the time the actions were instituted, their jurisdiction of the persons of the defendants was complete. The cause of action remained the same; and with the exception of the length of time for which the mortgaged premises were required to be advertised before sale, the nature and form

of the subsequent proceedings continued precisely as before.

The error seems to have arisen from supposing this case to be like those where the repeal of a statute *creating a cause of action, or remedy, or conferring jurisdiction where it did not before exist,* has been holden to carry with it actions pending at the time of such repeal. That such is the effect of an absolute repeal of statutes of that character, is so abundantly established by the authorities, as not to admit of a doubt or discussion. The most familiar instances of the first class, or where the statutes give the right of action, are to be found in those cases where the unqualified repeal of a penal statute upon which a pending action was founded, has been held to extinguish the suit. In such cases, it has been held that where the statute is repealed after verdict for the penalty, but before judgment, or pending an appeal to a superior, from the judgment of an inferior court, no judgment whatever can be pronounced. The subject matter or cause of the action is gone; it is as if it had never existed. There is nothing for which the court can give judgment. The consequences of the repeal of such a statute are the same in civil as in criminal cases.

Of the second class of cases, or where the *remedy* or *action* itself is abolished, *Thayer vs. Leroy,* 11 Maine, 284, is a good illustration. It had always been held in that state, that by virtue of certain English statutes there adopted, an action of debt would lie against a jailor for an escape of a prisoner in execution. Pending such an action the legislature passed an act providing that no action should thereafter be *maintained* to recover damages for the escape of any debtor, committed on execution, except by a special action on the case. The court decided that the suit abated, and that the creditor must resort to his action on the case. The remedy by action of debt was abolished by the negative words of the statute,

and the action on the case substituted. In that case the statute operated upon the remedy or form of the action, but in nowise affected the cause of it.

Cases of the third kind arise where the repealing act operates upon the court, and deprives it of the power to proceed, as it had the right to do under the repealed act, or where jurisdiction over particular subjects is transferred by act from one court or tribunal to another. In such cases, if there be no provision reserving to the court or tribunal before which the action or proceeding is pending, the power to proceed and determine it, it is at an end, and no farther steps can be taken. *Springfield vs. Commissioners*, &c., 6 Pick, 501, is a case of this kind. An act of 1825 conferred upon the commissioners of highways certain powers, by another statute passed in 1827, it was repealed, and the powers vested in the county commissioners. In the latter act there was no clause saving to the commissioners of highways the power to proceed and act upon the complaints and proceedings instituted and pending before them. The court decided that they had no authority to proceed in the case before them, though it was pending at the time the last act was passed.

After a patient examination of all the authorities upon this subject, within our reach, and which it is deemed unnecessary to cite here, it is believed that none can be found going beyond the principles above laid down. Some *falling short of* them, and sustaining broader doctrines, may be found. In *Mitchell's Lessee vs. Eyster*, 7 Ohio, 257, it was held that the repeal of a statute which *created* the remedy of foreign attachment, without any saving clause as to suits then pending, did not abate or extinguish such suits, where by the repealing act the provisions of the former statute were re-enacted.

It is very evident that the case before us does not fall within these principles; and if we were compelled to hold that the act of 1858 created or prescribed the process by

which foreclosure actions were to be commenced, we do not see how we could then decide that the action so commenced, abated, or was extinguished by its repeal. It would then relate only to the form of the process by which the court was to obtain jurisdiction of the persons of the defendants; and after such process had been issued and served, and had thus performed its entire office, it is difficult to perceive how the repeal of the act could affect it or the jurisdiction of the court, acquired by virtue of it. It would then seem to come strictly within the rule by which it is held that every thing done under a statute while in force, remains valid, though the statute may afterwards be repealed. There could then be no valid objection to the plaintiff's proceeding to trial and judgment, particularly where, as in this case, the time for answering, as prescribed by the repealed act had fully expired.

We are not, however, willing to concede that the act of 1858, provided the process by which foreclosure actions were to be thereafter commenced. There is nothing on the face of the act which warrants such a conclusion. On the contrary, its language strongly sustains the opposite. Title 5 of the Code of Procedure, prescribed the form of the summons, and the manner in which all civil actions were to be commenced. The act of 1858 provided only for the mode of conducting proceedings in foreclosure actions *after* they had been commenced in the manner *then* directed by law. It declared that the defendants in such actions should have six months' time *after the service of the summons, or publication of notice, as then required by law,* to answer the complaint, and that no default should be entered until after the expiration of such time. The legislature could not, by language, have more unmistakably evidenced their intention not to interfere with the existing mode of commencing such actions. Such, we believe, has been almost the universal understanding and practice of the profession. The decision of this court in the case

of *Lawrence et al. vs. Brown et al.*, made at the January term,
1859, which was referred to on the argument, does not, as we
understand it, conflict with the views here taken. Unfor-
tunately the opinion in that case has been lost. The point
determined was that a summons which required the defen-
dants to answer the complaint within *six months* after serv-
ice, ought not to have been set aside for that reason. The
court considered that in accordance with the spirit of our
present practice, a summons which correctly apprised the
defendant of what he was required by law to do, in order
to make his defense, ought not, on that account, to be quash-
ed. It was, however, at the same time, expressly held that
a summons requiring an answer within *twenty days*, was
valid and proper, provided the plaintiff waited the period of six
months before proceeding to judgment.

It follows, from this view of the act, that the only provis-
ions of the code repealed by the 4th section, were so much of
the second and third sub-divisions of sec. 158, as authorized
the plaintiff, in such action, upon proof of no answer, &c., to
apply to the court for the relief demanded in the complaint,
at any time after the expiration of twenty days after service of
the summons, either personally or by publication. These
provisions, so far as they related to foreclosure actions, were
undoubtedly repealed. A further conclusion supported by
this construction, is that the repeal of the act of 1858, by the
act of 1859, in no way affected pending suits, except as to the
time when the defendants were to be considered in default,
or when plaintiffs were permitted to apply for judgment.
All the other provisions of the former act were supplied by
the latter. This is a question, however, not properly to be
discussed here, as we are clearly of opinion that the plaintiff
was at liberty to proceed to judgment for want of an answer
after the time fixed for answering by the repealed act had
elapsed.

The order of the circuit court must be reversed, and the cause remanded for further proceedings, according to this opinion.