June Term, 1861.

SMITH
v.
HOYT.

---

## SMITH VS. HOYT.

Every mere verbal omission or inaccuracy in the publication of a statute, which does not change its substance or legal effect, will not be held to invalidate the publication.

Chapter 220, General Laws of 1859, took effect from and after the 28th day of March of that year, notwithstanding unimportant words of the statute were omitted in the publication thereof on that day.

Where an act or part of an act is repealed, it is not revived by a subsequent repeal of the repealing act. Sec. 3, chap. 5, R. S., 1858.

But where a statute merely excepts a particular class of cases from the provisions of a previously existing general law which continues to be in force, the repeal of the excepting statute operates to bring such cases again under the general law.

The Code of 1857 required defendants to answer within twenty days after the service of a summons. The law of 1858 relative to the foreclosure of mortgages, gave the defendants in a foreclosure suit six months to answer. Chap. 220, Laws of 1859, provided that defendants in foreclosure suits should have ninety days to answer, but that the act should not apply to mortgages executed after it took effect; and repealed the law of 1858. *Held*, in an action to foreclose a mortgage executed after the act of 1859 took effect, that the general provision of law requiring defendants to answer in twenty days after service of summons, applied to the case.

The rule of court which requires copies of the affidavits upon which a motion is founded to be served on the opposing party with the notice of such motion, does not apply to affidavits showing service of summons and failure to answer and the filing of notice of *lis pendens*, which are to be used in support of a motion for judgment.

Whether an act of the legislature which is to take effect from and after its publication, takes effect *on the day* of its publication, or not until the next day, or whether the court would not be bound, for the purposes of justice, to inquire into the exact time of publication, and hold the act to have been in force from that moment only, is not here determined.

A mortgagor cannot assign for error that the judgment of foreclosure allows him to redeem the mortgaged premises after sale, though there was no law giving him the right of redemption.

June Term,
1861.

SMITH
v.
HOYT.

APPEAL from the Circuit Court for *Rock* County.

*Knowlton, Prichard & Jackson*, for appellant.

*H. K. Whiton*, for respondent.

*By the Court*, PAINE, J. This action was brought to fore- November 2. close a mortgage which was executed on the first day of April, 1859. More than twenty days after the service of the summons, no answer having been served, the plaintiff, after giving notice, took judgment for want of an answer, from which this appeal was taken.

One question in the case depends upon the time when chap. 220, Laws of 1859, took effect. That chapter provided that defendants in mortgage foreclosure cases should have ninety days in which to answer, but that it should not apply to mortgages executed after it took effect. In the memorandum usually prefixed to the laws published by authority, showing the date of publication, we find, over this chapter, the following: "Published first, March 28, 1859. A slight error was detected in the first insertion, and the act was subsequently published April 2d, 1859." Upon this, it is assumed by the counsel for the appellant that this act did not take effect before the second day of April, and consequently that it applied to this mortgage, which was executed on the first. If that were so, the judgment would be irregular, for it was entered before the expiration of the ninety days from the service of the summons. But we think that chapter was in force after its first publication on the 28th of March. It may be somewhat difficult to define accurately, how serious

a defect in the publication of a statute must be, in order to defeat its operation. But we are clearly of the opinion that every mere verbal omission or inaccuracy ought not to have that effect, particularly where, as in this case, the omission cannot be said to change the substance or legal effect of the statute. It appears from an inspection of the original publication, that the following were the only omissions: In sec. 3, providing for the notice of the sale of the mortgaged premises, it is first required that such notice shall be published in a newspaper in the county where the premises are situated, if there be one; and it then proceeds as follows: "and if no newspaper be printed or published in said county," then it is to be printed in an adjoining county, &c. In the above quotation the words "printed or" were left out, so that it reads, "if no newspaper be published in said county," &c. It does not seem that this could change substantially the meaning of the provision. For whatever distinction there may be between printing and publishing the laws, as applied to our system of first publishing them in a newspaper and then printing them in volumes, it can hardly be supposed, though they use the disjunctive form of speech, that the legislature had in view any real distinction between the printing and publishing of a newspaper, so far as the object of publishing notice of the sale of mortgaged premises was concerned. For the language fairly implies that the notice might be published in a newspaper that was "printed" in the county. And assuming that the paper was merely "printed" there, and not "published," it is difficult to see how the notice could be be considered "published," or how such an insertion would at all subserve the purposes of the statute. The word "published" would apply as well to a paper printed in the county and circulated there, as to one where the mere printing might be done elsewhere, but which was first published or circulated there. So that this word really expressed the whole meaning of the legislature.

The act contained a proviso that "the provisions of this act shall not apply," &c. In the first publication the word "this" was omitted. But the meaning would obviously be the same without it, for no court would hesitate to say, even

June Term, 1861.

SMITH
v.
HOYT.

without that word, that the act referred to was the one of which the proviso was a part.

We think therefore that these defects did not prevent the act from taking effect from its first publication, and consequently that it did not apply to this mortgage, which was executed afterwards.

The result of this conclusion is, that there was no law prescribing the time within which these defendants should have answered, unless the general provision, requiring defendants to answer within twenty days after service of the summons, was applicable to the case. The effect of the repeal of the act of 1858, known as the mortgage stay law, upon actions pending at the time of such repeal, has already been passed on by this court in the case of *Cornell vs. Skinner et al.*, 10 Wis., 489. In that case the action was commenced while the law allowing six months time to answer was in force. Before that time had expired that law was repealed, but such repeal took place after the expiration of the twenty days from the service of the summons, so that it left no law applicable to those cases. The majority of the court held that the effect of this was substantially to legislate the defendants into default, but from that conclusion I dissented, for the reason that I did not believe it was competent for the legislature to do that. But neither in that case, nor in that of *Beebe vs. O'Brien et al.*, 10 Wis., 481, was the question presented, whether, in actions commenced after the repealing act of 1859, the defendants in mortgage foreclosure cases to which no other act was applicable, would or would not be required to answer within twenty days, under the general provisions as to all defendants. And after carefully considering this question, we have come to the conclusion that in such cases the defendants would be so required to answer. It is true we have an established rule, in the construction of statutes, that where an act or part of an act is repealed, it shall not be deemed to be revived by the repeal of such repealing act. R. S., chap. 5, sec. 3. It is true also that this court has, in speaking of the effect of the act of 1858, upon the previously existing provisions in regard to the time to answer, said that it repealed them so far as

foreclosure actions were concerned. 10 Wis., 486. That language was natural in view of the questions presented in that case, and was sufficiently accurate for the purpose of disposing of them. But we are of the opinion that strictly speaking, the general provision requiring defendants to answer within twenty days, was not repealed by the act of 1858, nor by that of 1859 allowing ninety days to defendants in mortgage foreclosure cases, but that those acts merely excepted this particular class of defendants from its operation. That being so, where the statute creating the exception is repealed, the general statute which was in force all the time would then be applicable to all cases according to its terms. And this would be no violation of the rule of construction before referred to, that the repeal of a repealing act should not revive the act repealed. The act of 1858 was equivalent to a proviso attached to the general rule, that it should not be applicable to foreclosure defendants. But if a proviso creating an exception to the general terms of a statute, should be repealed, courts would be afterwards bound to give effect to it according to those general terms, as though the proviso had never existed. And this could not be said to revive a repealed statute. The rule against this relates to cases of absolute repeal, and not to cases where a statute is left in force, and all that is done in the way of repeal is to except certain cases from its operation. In such cases the statute does not need to be revived, for it remains in force, and the exception being taken away, the statute is afterwards to be applied without the exception. It follows that the defendants were in default, and that the judgment was properly entered.

The appellant's counsel also objects that the affidavits showing service and failure to answer, were not served with the notice of motion for judgment. And in support of this objection, the case of *Corwith vs. State Bank*, 8 Wis., 376, is relied on. But we do not think the rule of court on which the decision was founded, was intended to apply to affidavits like those in question. The proof of service and of failure to answer, is required by law to be made before the plaintiff can have judgment by default. Every defendant

on whom a notice of motion for such judgment is served, knows that the plaintiff must make this proof, and exactly what he must prove to entitle him to judgment. The statute has provided for it, and also for proving the filing of the *lis pendens;* but we have never supposed, and do not think such has been the understanding of the profession, that these affidavits were such as the rule required to be served on the opposite party.

Another objection made to the judgment is, that it provides that the defendants may redeem according to the provisions of chap. 195, Laws of 1859. That act was published on the 1st of April, 1859, the same day on which this mortgage was executed. The act gives the right of redemption only in foreclosing mortgages thereafter executed, and the question was discussed by counsel whether this mortgage, executed on the same day the act was published, was to be deemed executed after the statute or before it. For the appellant it was contended that the law took effect ''from'' the day of its publication, which excluded that day; for the respondent, that the law took no notice of fractions of a day, and the publication being on the first of April, the act would be held to have been in force on the whole of that day. But whether either of these positions is correct, or whether the courts would not be bound for the purposes of justice to enquire into the exact time of publication, and hold the act to have been in force from that moment only, we do not think it is necessary in this case to determine. For even if this mortgage was not one to which the act allowing redemption applied, still we do not see how the mortgagor or other defendants can be aggrieved by such a judgment. It is obvious that the legislature did not intend to inflict a grievance on mortgagors by allowing such redemption, and if the court has allowed it on a mortgage to which the act did not apply, if the other party acquiesces, we do not think the defendant should be heard to complain on that account.

The judgment is affirmed, with costs.