January Term,
1862.

CORWITH
v.
STATE BANK
OF ILLINOIS.

CORWITH vs. THE STATE BANK OF ILLINOIS.

Where a motion was denied on the ground that copies of the papers on which it was founded had not been served as required by a rule of court, the denial is not a *bar* to a new motion for the same purpose, regularly made, although formal leave to renew it was not obtained.

Upon a reversal of a judgment under which land has been sold to the judgment plaintiff, and is still held by him the sale will be set aside on motion of the judgment debtor.

APPEAL from the Circuit Court for *La Fayette* County. The *State Bank of Illinois* moved the circuit court, at the October term, 1858, to set aside certain sales of real estate made to *Corwith*, upon executions issued on a judgment in that court in his favor against the *Bank*, upon the ground that the judgment had, after the sales were made, been reversed by the supreme court; and upon the ground also, that the executions upon which the sales were made, were without the seal of the court, and were therefore void. Prior to this motion, the court, on motion of *Corwith*, had ordered the clerk to amend the executions by attaching to them the proper seal, which was done. On the hearing, the court ordered that the sales should be set aside, upon the ground that at the time they were made, no seal was affixed to the executions. From this order *Corwith* appealed to the supreme court, where, at the January term, 1860, that order of the circuit court was reversed, upon the ground that a previous motion had been made by the *Bank*, in the same court, to set aside the sales, and a previous order made by the court on that motion, setting the sales aside, had been reversed in this court, on appeal, and the cause remanded, *without leave* to the party to renew the same motion. 11 Wis., 430. The opinion of this court, reversing

VOL. XV—19

January Term, 1862.

CORWITH
v.
STATE BANK
OF ILLINOIS.

the order made on the first motion, is reported in 8th Wis., 376; one ground of the refusal having been, that no papers were served on the *Mr. Corwith* with the notice of the motion, as required by Rule 11 of the circuit court rules, but only a reference made in general terms to the records and papers on file in the suit, as the foundation of the motion. A rehearing was subsequently granted in the case reported in 11 Wis., 430, and the order of the circuit court, sustaining the second motion to set aside the sales, was affirmed in the following opinion.

*J. H. Knowlton* and *J. A. Sleeper*, for the appellant.

*S. Crawford, A. D. Smith* and *Emmons & Van Dyke*, for the respondent.

May 15.

*By the Court*, DIXON, C. J. The first motion was denied for irregularity in the moving papers. The defendant did not comply with the rules of the court, and for that reason the merits were not investigated. 8 Wis., 376. At the time of our former decision (11 Wis., 430), that case was unreported, and the manuscript opinion not within our reach. The present members of the court were, consequently, unaware of the ground upon which the decision was placed. We are now of opinion that the denial of the motion is not a bar to the present application. It is like a judgment of non-suit, or the abatement of an action for some error in bringing or conducting it, which have never been held to preclude the plaintiff from beginning anew. Through ignorance or inattention to the rules of practice, the motion was *abated* for defect in the form of the papers. There is some uncertainty in the authorities, but the more just and rational rule seems to be, that it should not be a bar *to a subsequent motion* regularly made, even though the party do not ask and obtain formal leave to renew it. *Dollfus v. Frosch*, 5 Hill, 493 and note.

The sale was set aside as to the lands bid in by the plaintiff. The titles of strangers purchasing under the execution remain undisturbed. It is from this order the plaintiff appeals. The rule upon which his counsel rely, or rather, the reason of it, suggests its own exception, and that the plaintiff's case

is within it. The rule is, that where a judgment is reversed for error, the sale under the execution shall not be avoided; the reason, if it were, the vendee would lose his property and his money too, and therefore great inconvenience would follow, as no one would buy of the sheriff in such cases, and executions of judgments would not be done. 8 Coke, *Manning's Case*; *Woodcock v. Bennett*, 1 Cow.; 734-42. The exception necessarily implied is, if the plaintiff or creditor be the purchaser, the sale may be avoided. He has parted with no money, and has no property to lose. The reversal of his judgment is a judicial determination that he was not entitled to recover. No inconvenience will follow. It is unnecessary, to encourage bidders, that he should be protected. The rule ceases with the reason. The statute gives the debtor a right to redeem. It would be absurd and unjust beyond measure, to say that he can only regain his land by the payment of money which he does not owe. The wisdom of the law, which looks to the rights of all parties, leads to no such oppression. The power to set aside the sale under such circumstances, of necesssity resides with the court, and the order here was fully justified. This conclusion is sustained by the English authorities. See 3 Bac. Abr. Tit. "Execution," Q, where, having given the rule, the exception is thus stated : "But if the plaintiff takes out an *elegit* on his judgment, and the sheriff upon this writ delivers a lease for years, of the defendant, to the value of £50, to the plaintiff, *per rationabile pretium et extentum*, to have as his own term, in full satisfaction of £50, part of the sum recovered, and afterwards the defendant reverses the judgment, he shall be restored to the same term and not to the value; for though the sheriff might have sold the term on this writ, yet here *is no sale to a stranger*, but a delivery of the term to the party that recovered, by way of extent, without any sale, and therefore the owner shall be restored. And for this reason if goods were on this writ delivered to the party, *per rationabile pretium et extentum*, upon the reversal of the judgment he should be restored to the goods themselves." The right of the debtor, whose lands are purchased by the creditor on execution under our statute, cannot be distinguished on principle from those of

January Term, the debtor whose property is under extent according to the
1862.        English practice.   In *Goodyer vs. Junce*, Yelv., 179, the dis-

SAXTON       tinction between a sale by the sheriff to the party himself
v.           and such sale to a stranger, is expressly noted, and it is said
WILLIAMS.    the latter only will be protected.   If the former be the pur-
chaser, restitution will be awarded.   And *Harrison vs. Doe*,
2 Blackford, 1, is an authority fully in point.  See also *Simons
vs. Catlin*, 2 Caines' R., 60.

We need not therefore inquire into the correctness of the
order amending the execution.   For, conceding the execu-
tion to have been regular, the sale must still have been set
aside.

Order affirmed.