## JOHN T. MAJOR ET AL.

### V.

## JOHN COLLINS ET AL.

1. REVERSAL OF JUDGMENT—RESTITUTION OF PROPERTY.—When a judgment or decree is reversed, the defendant is entitled to be restored to all things which he has lost thereby. Where land has been sold, and the plaintiff to the erroneous judgment or one standing in privity with him is the purchaser, and he still retains the ownership, the defendant may recover the specific property.

2. WHO MAY ASSERT THE RIGHT.—The right to claim a restitution of the property or its value, appertains exclusively to the defendant, and he alone can assert it.

ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed December 4, 1885.

This was a petition, brought by John Collins against John T. Major and others, for a mechanic's lien, for materials furnished and work done by Collins, under a written agreement between him and Major, in the erection of five buildings on five different lots belonging to Major. The petition was afterward amended by making Edward A. Hartwell a defendant, and Hartwell thereupon filed his answer and cross-petition, claiming a lien by virtue of an assignment from Collins to him

of the moneys due and to become due on the contract. This answer and cross-petition were afterward amended by striking out Hartwell's claim for a lien on the premises, and inserting a claim for an equitable lien on the moneys to be recovered by Collins under the contract.

On the hearing, on pleadings and proofs, a decree was entered establishing a lien in favor of Collins for $3,085, and declaring an equitable lien in favor of Hartwell upon said money to the extent of the entire amount thereof, and ordering a sale of the premises described in the petition, and a distribution of the proceeds in certain proportions between Hartwell and the owners of certain prior incumbrances on the lots. That decree being brought to this court by writ of error, was reversed for error in ordering a sale of all of the lots *in solido:* Major v. Collins, 11 Bradwell, 658. The facts at that time appearing in the record are sufficiently stated in the report of the decision, and need not be repeated here.

It appears by the present record that several months before said writ of error was sued out, the master advertised said lots for sale under the decree, and after offering them for sale separately, without receiving any bids, offered the five lots for sale together, and sold them to Hartwell for $4,283.36, and executed to him the usual certificate of purchase, the sum realized being sufficient, after paying the costs and expenses of sale, to satisfy said lien, and leave $974.86 to apply on said incumbrances.

The master's report was duly filed, showing the sale, and that the master, out of the proceeds, had paid the costs and the expenses of the sale, and also the amount of the mechanic's lien, leaving the sum of $974.86 in his hands subject to the order of the court; and appended to the report was a receipt dated the day of the sale, signed by Hartwell's solicitor, acknowledging the receipt from the master of the amount, principal and interest, due said Hartwell under the decree. An order was thereupon entered approving the sale and distribution.

One John Zimmer then filed a petition claiming as assignee of the first incumbrance on the lots, and praying for an order

on the master to pay him, out of the moneys remaining in his hands, the amount of said incumbrance, and an order was afterward entered on said petition, directing the master to pay said Zimmer, out of said money, the sum of $645.32, the amount then due on said incumbrance.

The cause having been re-instated in the court below, after the reversal of the decree an order was entered requiring Collins and Hartwell to file a supplemental petition, and such petition was thereupon filed, setting forth all the proceedings aforesaid, down to and including the reversal of the decree and the re-instatement of the cause below, and praying that a mechanic's lien be granted as prayed in the original and cross-petitions; that Hartwell be allowed the costs paid by him, and be subrogated to the rights of Zimmer, so far as relates to the incumbrance held by him; that the master refund to Hartwell the surplus of $329.54 in his hands; that Hartwell have leave to surrender into court for cancellation his master's certificate of purchase, and that the same be held for naught, and the same as if never issued; and for other, further and different relief, as the nature of the case might require.

Answers were filed, and the cause was again heard on pleadings and proofs. The court, against the objection of the defendants, heard and considered the evidence taken before the master prior to the former hearing, including the evidence then heard in relation to the value of the lots and buildings. The defendants then offered to prove the relative value of the lots and buildings at the date of the hearing, but such evidence was excluded by the court.

By the decree, the court found that Collins was entitled to a lien amounting in all, including interest, to the sum of $3,590, to be apportioned equally between said five lots and buildings—that is to say, $718 on each, and that Hartwell had an equitable lien on said moneys to the full amount thereof; that Collins had a first lien, for the use of Hartwell, on each of said buildings, and a third lien on each of said lots, for said sum of $718, and the proportion of each of the costs of suit. The decree ordered that Hartwell surrender into court, for cancellation, the master's certificate of purchase, and that said

certificate be forever held and esteemed for naught and of no effect or value whatever; that the master pay to Hartwell the sum of $329.52 remaining in his hands out of the proceeds of the former sale, and also that Hartwell be subrogated to the Zimmer incumbrance; that said lots and buildings be sold, and the proceeds, after paying the costs of suit and the expenses of sale, be divided in certain proportions between Hartwell and the holders of said incumbrances, the amount applicable to the Zimmer incumbrance to be paid to Hartwell. Upon the entry of said decree, the defendants have again brought the record to this court by writ of error.

Mr. DeWitt C. Jones, for plaintiffs in error; as to who may set the sale aside, cited Rorer on Judicial Sales, §§ 148, 149; Roberts v. Hughes, 81 Ill. 132.

Bailey, P. J. The sale under the former decree was made while that decree was in full force, and before any proceedings had been instituted for its reversal. Hartwell, the beneficial plaintiff, became the purchaser, and in part payment of his bid receipted for the full amount of the decree, and the sale, as well as the payment and satisfaction of the decree, being reported by the master to the court, was approved and confirmed.

How then were the rights of the parties affected by the subsequent reversal of the decree? The principle has been very frequently declared, that when a judgment or decree is reversed, the defendant is entitled to be restored to all things which he has lost thereby. Where land has been sold and an innocent party is the purchaser, his title will not be disturbed, and in that case the money produced at the sale is all the defendant can claim to have restored. But where the plaintiff to the erroneous judgment, or one standing in privity with him, is the purchaser, and still he retains the ownership, the defendant may recover the specific property. McJilton v. Love, 13 Ill. 486; McLagan v. Brown, 11 Id. 519; Fergus v. Woodworth, 44 Id. 374; Hannibal & St. J. R. R. Co. v. Brown, 43 Mo.

294; Corwith v. State Bank of Illinois, 15 Wis. 289; Reynolds v. Harris, 14 Cal. 668; Johnson v. Lamping, 43 Id. 293; Reynolds v. Hosmer, 45 Id. 616; Bank of the United States v. Bank of Washington, 6 Pet. 8.

But a right to claim a restitution of the property or its value appertains exclusively to the defendant, and he alone can assert it. Thus, it will be found, in all the cases where such restitution has been awarded, it has been done at the instance of the defendant, whose property had been sold under the judgment or decree subsequently reversed. In the case of McLagan v. Brown, 11 Ill. 519, above cited, the court say: "Where an innocent party is the purchaser, only the money produced by the sale can be restored to the judgment debtor, without injustice to the purchaser; but, as a general rule, when the plaintiff in the erroneous judgment has purchased, he should restore the specific property, for it is his duty to make all the reparation in his power to one whose property he has wrongfully sold. But certainly no one but the defendant, or his assignee, should be allowed to complain, or claim any benefit on account of such reversal. Although he may reverse the judgment, the defendant may not choose to complain of or may even prefer to affirm the sale. It may be for his interest to do so. * * * * * We can not go to the length of saying that the title acquired by the plaintiff under the judgment is absolutely divested and defeated, as to all the world, by the reversal of the judgment. It is time enough to say that the purchaser acquired no title when the party injured complains."

In the present case, the defendants have not sought to have the sale vacated, nor are they shown to have done any act manifesting an election on their part to question its validity. Having failed to obtain a reversal of the decree, except upon a technical ground not affecting the merits of the controversy, viz., the failure of the decree to apportion the lien among the several lots and buildings and to order them to be sold separately, and the decision of this court being adverse to them as to all the other points urged by them for a reversal, they were

at liberty to affirm the sale, although they had succeeded in reversing the decree, and in the absence of any steps on their part showing a contrary election, they may perhaps be presumed to have done so. At any rate, until they had shown satisfaction with the sale by some affirmative acts of repudiation, Hartwell was in no position to call it in question; and after the lapse of nearly two years and a half without any such steps on their part, it might possibly be held that the presumption of their election to affirm it was conclusive, or that they were barred by their laches from now having it vacated.

The sale, so long as it remains in force, operates not only as a satisfaction of the decree, but as a satisfaction of the lien sought to be established, and it is therefore a bar to a further foreclosure of the same lien.

It should be observed that the supplemental petition does not, at least in terms, ask to have the sale set aside or the satisfaction of the decree vacated, but only for leave to Hartwell to surrender into court his certificate of purchase for cancellation, and an order that the same be held for naught, as if it had never been issued, and in this respect the present decree merely follows the terms of the prayer. It does not attempt to set aside the sale or the satisfaction, but orders Hartwell to surrender his certificate for cancellation, and decrees that it be forever held and esteemed as of no effect. The surrender of the certificate for cancellation is a different thing from the vacation of the sale and satisfaction, and can scarcely be he'd, even by implication, to accomplish those results. It would then appear that, technically at least, the sale and satisfaction remain unaffected by the present decree, and that said decree establishes a lien for a claim which has been paid and satisfied, and directs a second sale of the same premises therefor.

But however this may be, it is clear that Hartwell was in no position to ask to have the sale or the satisfaction vacated on his own motion, and that until the defendants ask such relief, he must abide by the sale under the first decree. It follows that the present decree is unwarranted by the facts appearing in the record, and is therefore fundamentally erroneous.

It also follows that the part of the decree which directs the payment to Hartwell of the surplus of $329.52, in the hands of the master, is erroneous.   That fund equitably belongs to the holder of one of the incumbrances on the lots.

A number of other questions are raised by counsel for the plaintiffs in error, but as the conclusions at which we have arrived as to the questions above considered, necessarily dispose of the case, we do not deem it necessary to notice them.

We would not be understood, in what we have said, as intimating an opinion that the defendants can, merely because the former decree has been reversed, receive back from Hartwell or Collins the money for which the lots and buildings were sold.   We should rather incline to the view adopted in Green v. Stone, 1 Harr. & John. 405, that if money be paid on a judgment afterward reversed, it may be recovered back in an action for money had and received, unless it was equitably due at the time of such judgment or payment; that the defendant may resort to any equitable or conscientious defense to repel the claim of the plaintiff, and may show the justice of his original claim.

The decree will be reversed, and the cause remanded for further proceedings.

Decree reversed.