CORNELIA KELLER, Appellant, v. C. H. KELLER, Appellee.

**DIVORCE:** Decree—Recall by Successful Party. Plaintiff, on an application alleging no fraud or collusion, may not, after the passing of the term, recall the duly entered and jurisdictionally unquestioned and absolute decree of divorce granted as prayed. And this is true even though, prior to the entry of said decree, plaintiff had directed her attorney to dismiss the action.

*Appeal from Dubuque District Court.*—ROBERT T. BONSON,

Judge.

JANUARY 15, 1918.

APPEAL by plaintiff from an order overruling her motion to set aside a decree rendered in her favor.—*Affirmed.*

*J. P. Frantzen,* for appellant.

*J. R. Waller* and *Hurd, Lenehan & Kiesel,* for appellee.

PRESTON, C. J.—On April 24, 1913, plaintiff commenced an action for divorce, on the ground of cruel and inhuman treatment. The petition did not ask for alimony or attorneys' fees, but asked for a divorce and general equitable relief. Personal notice was had upon defendant, and an appearance entered by him, but no pleading to plaintiff's petition was ever filed. We infer, from a statement in plaintiff's letter to her counsel, that there had been a prior trial of the case before the final trial in which the decree was entered. On November 14, 1913, the court granted plaintiff, appellant, a divorce. The divorce decree was duly filed, and entered on the court records as of that date. As said, the decree granted plaintiff a divorce. It also rendered judgment against defendant for costs, taxed in the sum of $. . . . . . . ., and directed that execution issue therefor, and contains this further provision:

"In the costs are included $45 in favor of plaintiff's attorneys as attorneys' fees in said action. Decree on payment of costs."

Costs were taxed in the sum of $18.60, for items commencing with the filing of the petition and ending with the charge for the decree. On December 2, 1913, defendant paid the costs so taxed. Thereafter, the item of $45, attorneys' fees, was entered on the Judgment Docket and Fee Book. The term of court at which said decree was entered was adjourned *sine die* on December 24, 1913. On December 26, 1913, or two days after the adjournment of the term, there was filed in this case, without notice to defendant, a paper denominated dismissal of action and petition to set aside judgment and decree, which paper is as follows:

"Comes now the above-named plaintiff and dismisses the above entitled action and moves the court to set aside the decree entered at the present term of court, and bases said dismissal and motion to set aside decree upon the ground as more particularly set out in the annexed affidavit." Signed by plaintiff by her attorneys.

The affidavit attached to the paper before referred to is the affidavit of J. P. Frantzen, one of plaintiff's attorneys, and in charge of plaintiff's case, which recites, among other things, that, since the commencement of the action, plaintiff has been away from the state of Iowa; that, on October 10, 1913, she mailed a letter to him from Chicago, in regard to dismissing the case; that, through some oversight, he did not see the letter until about December 15, 1913, or about a month after the decree of divorce was rendered; that his failure to dismiss said action was through pure oversight. Plaintiff's letter, referred to in the foregoing affidavit, is as follows:

. "Chicago, Ill., October 10, '13.

"Mr. J. P. Frantzen, Dubuque, Iowa.  Dear Sir:  Referring to your letter of recent date, I have decided that it is useless for me to attempt to go any further in the divorce suit which I have brought against my husband, and which I understand from your letter is to come up for another trial at the October term of court.  You will therefore take whatever steps are necessary to have this suit dismissed when it comes up for trial this term."

November 9, 1915, plaintiff filed an amendment to motion and application to set aside divorce, as follows:

"Comes now above-named plaintiff, and by way of amendment to original application filed herein, refers to annexed affidavit, together with letter written by the defendant to plaintiff."

The affidavit attached is by plaintiff, in which she refers to and attaches a letter from the defendant to her which

she says is in his handwriting, and was received by her early in the year 1915. The letter is dated April 28, 1915, or nearly a year and a half after the decree was entered. The letter is quite lengthy, and we shall set out only the substance of it. It states that he is unable to send plaintiff any money, but promises to do so the next month, and each month thereafter, for a while at least; that he wanted to live up to his promise, which he had often made, to help her when she needed it, if within his power to do so; that all this is past and they cannot change it; that he loves her; that it would give him happiness if they could have a home together again, but that, through their own fault, that is impossible; that the divorce does not make any difference; that they can be good friends in the future; that he wants to think he can help her from time to time for old time's sake; expresses the wish that they may see each other occasionally, and asks her to write to him.

November 13, 1915, defendant filed a resistance and his affidavit, in which he says, substantially, referring to his letter to plaintiff just set out, that it was not sent by him at the time and in the form alleged; that plaintiff, shortly after the decree of divorce was entered, besought him, by letter and telegram, for financial assistance, alleging that she had no means of support, and that he offered to give her such assistance as he was able to give until she was able to support herself; that he at all times made it clear to her that the relation of husband and wife, after the divorce, would be impossible; and that the remainder of the letter dated April 28, 1915, which plaintiff has not submitted, would establish defendant's attitude; that he is unable to state the exact time that page two of the letter was written, but believes it to have been in December, 1913, or sixteen months prior to the time alleged by plaintiff; that the words obliterated on page two of the letter set out by plaintiff, by someone other than defendant, were the concluding words of a sentence

from page one, which plaintiff has not submitted, and were as follows: "The proposition of us living together again is out of the question." That this was sent in response to request by plaintiff to defendant to continue to live together; that defendant has always recognized the decree of divorce as final and binding; that, after the incorporation of the Keller Electric Company, defendant used different stationery and a different letterhead than prior thereto, beginning March, 1915.

The original letter has been certified in this court, and it does show an obliteration, as stated, of a line or two, at page two of the letter, and the printed letterhead is: "C. H. Keller, Electrician." This affidavit of defendant's is not denied. The plaintiff's motion to set aside the decree was overruled.

1. It is contended by appellant that the decree of divorce was not an absolute one, but conditional upon the performance by either plaintiff or defendant of certain conditions, to wit, the payment of the costs; that the decree should become effective upon payment of costs, and that there was really no decree until all the costs had been paid; that the payment of a part of the costs was not a compliance; that, until the decree became effective by the payment of costs, appellant still had.it within her power to dismiss the action; and that, if she did so before the decree became effective by its terms, then there was nothing left to which the decree would apply; that she did file a dismissal before the costs had been paid. She contends further that her dismissal of the action before the decree became effective disposed of the action entirely and disposed of the decree, and that no ruling of the court on her motion to set aside was necessary.

The thought is, as we understand it from appellant's argument, that, because some of the district judges have a rule requiring the payment of costs in divorce cases before a decree shall be entered, we should, in this case, pass upon

that question and determine the validity of such a rule. It may be that the courts have power, as a direction to their clerks, not to enter such decrees until the costs are paid. But we think that question is not in this case, and we do not, therefore, pass upon it.

The trouble with plaintiff's contention at this point is that, in the instant case, the decree was entered as an absolute, final decree, and the costs were all paid,—that is, all costs which had been taxed at the time of the payment,— and this, too, before plaintiff filed her alleged dismissal. Under all ordinary circumstances, this would be an end of the case. Reasons occur to us why, in such a case, it ought to be the end of it. The court granting the decree had jurisdiction, and it seems to us that such a decree ought not to be set aside or dismissed upon a mere informal request that it be done; in other words, that there should be some authority in the law for so doing. No cases are cited by appellant, except 23 Cyc. 899, *Palace Hardware Co. v. Smith*, 134 Cal. 381 (66 Pac. 474), *McCredy v. Woodcock*, 41 N. Y. App. Div. 526, to the point that courts have power, in a proper case, to open or set aside judgment at the instance of the party in whose favor it was rendered. Appellee concedes, and it is doubtless true, that, in a proper case, this may be done.

In the instant case no fraud is charged, nor is there any collusion. It is not claimed that there was any want of jurisdiction, or that the court erred in any way in rendering the decree. The plaintiff was asking a divorce, and she obtained all she asked. No reason is given for setting aside the decree, except the clause in the decree that the costs were to be paid, unless it be that she wrote her attorney to dismiss the case. We have already referred to the provisions of the decree as to the costs, and the question as to whether there is any provision in the statutes permitting a successful party, at a subsequent term, to file a dismissal to

set aside the judgment in her favor, on motion, because of the letter by plaintiff to her attorney to dismiss, will be taken up later in the opinion.

The cases cited by appellant, before referred to, are not like the instant case. For instance, the *Palace Hardware Company* case was where plaintiff's claim was about $425, but plaintiff's counsel, by mistake, thought it was only $320, and settled on that basis, and dismissed the case. On discovering his mistake, he moved to set aside the dismissal. There, the motion was to vacate an order or judgment of dismissal. Such is not the situation in the instant case.

In *Smith v. Hoyt,* 14 Wis. 252, it was held that a party cannot object to a part of a judgment which is in his favor, although it be unauthorized.

In a note to *Karren v. Karren,* (Utah) 60 L. R. A. 294, it is said that the only authority found for a direct application by the party obtaining a divorce to have the same set aside, as a matter of right or privilege, without an allegation of fraud, mistake, or surprise, is *Ficener v. Ficener,* 8 Ky. L. Rep. 867, and that, in the remaining decisions, the courts uniformly refuse to grant relief, for various reasons, according to the circumstances, and cases are then cited.

In a supplemental note on the same proposition in *Robinson v. Robinson,* (Wash.) 51 L. R. A. (N. S.) 534, it is said that the recent cases are in accord with the clear weight of authority among the earlier cases, to the effect that no relief will be granted upon a direct application by one who has voluntarily obtained a divorce, to have it set aside for any cause, and further cases are cited.

2. The next question discussed is as to whether plaintiff has brought herself within the rule of any of the statutes. We shall discuss this only briefly, because we think the discussion in the prior division of the opinion is decisive of the case. It is contended by appellee that plaintiff must bring herself within some established rule, and pursue the course

provided by statute, and it is said that there are two methods,—one under Sections 3755 and 3756 of the Code,— and that these sections apply only to the party aggrieved, and to cases showing accident or surprise, which could not have been guarded against, and that the application must have been made within three days after the decision; that plaintiff was 'not the aggrieved party, and no accident or surprise is shown, and further, that the application was not in time. They contend, also, that plaintiff has not brought herself within the provisions of Sections 4091 to 4096 of the Code; that she has not shown that there was any mistake, neglect, or omission on the part of the clerk, or irregularity in obtaining the decree, and no fraud or any of the things covered by these statutes. It is also contended that the failure of plaintiff's attorney to dismiss the case upon receipt of her letter, and his oversight in reference thereto, do not constitute such unavoidable casualty or misfortune as to prevent the party from prosecuting or defending under the provisions of the statute.

They cite *Loomis v. McKenzie,* 48 Iowa 416, to the proposition that the language of the statute refers to casualties' which prevented the prosecution or defense at the trial upon which the judgment was entered, and not to matters occurring after the judgment. They contend, therefore, that plaintiff was not prevented from prosecuting or defending her suit.

If the statute has any application at all to plaintiff's case, and if it be thought that the same rule applies in this case as in applications to set aside a default, and the like, still we think the showing made by plaintiff is not sufficient. Our attention is called to one of the statutes before referred to (Section 4092), that applications for new trial must be by petition, where filed after the close of the term.

Without further discussion, it is our conclusion that, under the circumstances here shown, plaintiff may not dismiss

her case and move to set aside the decree in the manner at-tempted, and that she has not brought herself within any of the provisions of the statute.

We see no reason to disturb the ruling of the trial court, and it is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS, GAYNOR, and STEVENS, JJ., concur.