HENRY C. SHERMAN, executor, *vs.* CONGREGATIONAL HOME
MISSIONARY SOCIETY & others.

Hampden.   November 13, 1899. — June 20, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Valid Public Charity — Agreed Facts — Legacies not Void if General
Charitable Intent appears.*

A testator gave devises by will to "a Rest Home for worthy working girls" and to an "Old Ladies' Home." The agreed facts recited that in neither are the advantages of the institution furnished to the inmates for profit, and in neither is there any provision made for making dividends or profits; that when incorporated they have no capital stock; that their funds are derived from voluntary contributions from benevolent persons, supplemented by such sums as may be received from the inmates, and whatever funds are received are devoted to the purposes of the institution; that a "Rest Home" is a place of rest for girls who are working for small wages, where they may go and board in the country at a low price; that some are endowed, some are under the general management of charitable organizations, and some are managed by trustees; that they are not usually incorporated; that the object of an "Old Ladies' Home" is to provide a home for aged, homeless, and indigent women; that inmates are received and provided with a home during life, including clothing, sometimes without any payment, and sometimes upon the payment of a small fee fixed by the by-laws; that the control is usually vested in managers who serve gratuitously, and that old ladies' homes are usually incorporated. *Held,* that the institutions constituted valid public charities, and that the clause in the will making the devises

"the plan to be hereafter devised or left in care of said executor," manifested a general charitable intent, leaving undetermined the particular manner in which it should be carried into effect.

The reference in certain clauses of this will to a "Rest Home" is to a valid public charity created by a previous clause in the will, and the gift is valid in each case.

In case of a gift for charitable uses, the general charitable intent being clear, the court will carry it into effect notwithstanding there may be uncertainty in regard to the particular persons or objects intended to be benefited by the testator's bounty; and in this case the gift "to W. C. T. U. or Rest Home in Chicopee Street, Mass.," being to the Massachusetts Woman's Christian Temperance Union, and a Rest Home in Chicopee for worthy working girls, both valid public charities, the legacy is to be divided equally between them.

PETITION to the Probate Court, by the executor of the will of Sarah J. Sherman, as to instructions as to the construction thereof. That court entered a decree, and an appeal was taken to this court, and the case was reported for the consideration of the full court, by *Barker*, J., on an agreed statement of facts, the nature of which appears in the opinion.

Instructions were asked as to the meaning of the following five clauses of the will:

" 2. I hereby give and bequeath my real estate, consisting of house, barn, and land, situated in Chicopee Street, as a Rest Home for worthy working girls, or Old Ladies' Home, the plan to be hereafter devised or left in care of said executor.

" 3. I hereby give and bequeath to my brother, Henry C. Sherman, of Sterling, Colorado, the sum of three thousand dollars ($3,000); at his decease one third of this sum shall go to the W. C. T. U. organizations in Colorado, one third to W. C. T. U. organizations in Mass., one third to endow the Rest Home in Mass. . . .

" 5. To my aunt, Mrs. Roxy B. Ferry, of Brimfield, Mass., if living, the use of one thousand dollars ($1,000); at her decease it may go the Rest Home, Chicopee Street, Mass. . . .

" 20. To W. C. T. U., or Rest Home, in Chicopee Street, Mass., I give the sum of one thousand dollars ($1,000). . . .

" 23. After paying the above bequests, if there be a residue, it may be divided equally among the following societies: A. H. U. [M.] S., W. C. T. U., and Rest Home." By A. H. M. S. was meant the American Home Missionary Society.

*T. Weston & T. Weston, Jr.*, for the Congregational Home Missionary Society, successor to the American Home Missionary Society.

*R. C. Cooley,* for the Massachusetts Woman's Christian Temperance Union.

*F. T. Hammond,* Assistant Attorney General, for the Commonwealth.

MORTON, J.   We think that a " Rest Home for worthy working girls," and an " Old Ladies' Home," as described in the agreed facts, constitute valid public charities.   In neither are the advantages of the institution furnished to the inmates for profit, and in neither is there any provision made for making dividends or profits.   When incorporated they have no capital stock.   Their funds are derived from voluntary contributions from benevolent persons, supplemented by such sums as may be received from the inmates, and whatever funds are received are devoted to the purposes of the institution.   A " Rest Home " is a place of rest for girls who are working for small wages, where they may go and board in the country at a low price.   " Some are endowed, some are under the general management of charitable organizations, and some are managed by trustees."   They are not usually incorporated.   The object of an " Old Ladies' Home " is to provide a home for aged homeless and indigent women.   " Inmates are received and provided with a home during life, including clothing, sometimes without any payment, and sometimes upon the payment of a small fee fixed by the' by-laws."   The care and control are usually vested in managers who serve gratuitously.   Old Ladies' Homes are usually incorporated.   It is obvious, we think, that institutions such as those described above constitute valid public charities.   *Jackson* v. *Phillips,* 14 Allen, 539.   *Gooch* v. *Association for Relief of Aged Indigent Females,* 109 Mass. 558.   *McDonald* v. *Massachusetts General Hospital,* 120 Mass. 432.

In the next place, we think that it is also plain that the second clause in the will manifests a general charitable intent, leaving undetermined the particular manner in which it should be carried into effect.   In this respect this case differs from *Teele* v. *Bishop of Derry,* 168 Mass. 341.

The charitable intent is manifested by the nature and objects of the institution to whose use the property is to be devoted, and the general intent is shown in the same manner.   The gift is for a " Rest Home for worthy working girls," or for an " Old Ladies'

Home," both of which, as we have already observed, are valid public charities ; whether the institution as finally established should be of one kind or the other, or should combine the features of both, the testatrix had not determined at the date of the execution of the will, but the general charitable intent was clear. The precise mode in which it should be carried out was left to be determined by her thereafter, or, as we think, according to the fair interpretation of the clause by her executor in case she did not decide upon it. So construed, we think that the bequest was clearly valid. *Fairbanks* v. *Lamson*, 99 Mass. 533. *Attorney General* v. *Fletcher*, 5 L. J. Ch. 75. See also *Minot* v. *Baker*, 147 Mass. 348. Even if, as the appellants contend, the clause should be construed as meaning that a plan was to be left by the testatrix with her executor and was not, the failure to do so would not, we think, override the general charitable intent, and render the clause null. *Mills* v. *Farmer*, 1 Mer. 55. *Attorney General* v. *Syderfin*, 2 Vern. 226, *n.* *Mills* v. *Farmer*, 19 Ves. 483. *Gillan* v. *Gillan*, 1 L. R. (Ir.) 114.

We do not think, for reasons given above, that this case comes within the class of cases where, it being impossible or impracticable to carry out the testator's wishes in the manner in which he has directed, it has been held that the legacy failed. In such cases it is the mode which is of the substance of the legacy. Here the general charitable intent is of the substance of the legacy.

There can be no reasonable doubt, we think, that the testatrix intended to designate as legatee the public charity established by the second clause, when, in the third, fifth, and twenty-third clauses, she gives legacies to what she variously describes as the " Rest Home in Mass.," the " Rest Home, Chicopee, Mass.," and the " Rest Home." And we think that, for reasons already given, the gift is valid in each case.

We also think that the same public charity is meant by the " Rest Home in Chicopee Street, Mass.," in the twentieth clause. But another question arises in respect to that clause. By it the testatrix gives " To W. C. T. U. or Rest Home in Chicopee Street, Mass.," $1,000. It is agreed that the initials " W. C. T. U." were used to designate the Massachusetts Woman's Christian Temperance Union. Upon the ordinary principles

which apply to testamentary dispositions this gift would be void for uncertainty. Jarm. Wills, (6th ed.) 342 *et seq.* 1 Redf. Wills, (1st ed.) 686, 687.

But different rules apply to gifts for charitable uses. In such cases, the general charitable intent being clear, the court will carry it into effect notwithstanding there may be uncertainty in regard to the particular persons or objects intended to be benefited by the testator's bounty. Jarm. Wills, (6th ed.) 205, 346, 347. Thus where there was a bequest to the Kent County Hospital, but there was no institution of that name, the court caused it to be divided equally between two institutions which answered in other respects to the description. *In re Alchin's trusts*, L. R. 14 Eq. 230. So also when a testator had manifested a purpose to devote a certain sum to charitable uses, and had disposed of a part and had left unfilled blanks in respect to the disposition of the rest, the court referred the case to a master to report a scheme for the disposition of that portion to which the unfilled blanks related. *Pieschel* v. *Paris*, 2 S. & S. 384. See also cases referred to in Jarm. Wills, (6th ed.) 175, 176.

We infer that the purposes for which the Woman's Christian Temperance Union is established are charitable. If so, then the intent that the fund should be devised to charitable uses is clear, and we think that it should be divided equally between the charity created under the second clause and the Woman's Christian Temperance Union.

The matter of the allowances to counsel is not properly before us, and we express no opinion in regard to it.

The result is that the decree of the Probate Court is affirmed except as to the twentieth clause of the will, and as to that it is to be modified so that the fund shall be divided equally between the two beneficiaries therein named, and except as to the matter of counsel fees, which will stand for hearing before a single justice.

*Decree accordingly.*