(Surrogate's Court, Monroe County.   October, 1907.)

1. JUDGMENT—RES JUDICATA.
   A judgment establishing the validity of certain testamentary provisions of a will, in an action attacking their validity, brought by one who based his claim on the statute of distribution, and who had no vested interest in the estate, does not estop the representatives of the son and widow, who

were not parties, and in whom the estate would have vested if the will were invalid, from claiming the estate in subsequent proceedings for the settlement of the executor's accounts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1213.]

2. WILLS—RIGHTS OF LEGATEES—ESTOPPEL—RECEPTION OF BENEFITS.

Legatees are not estopped from attacking certain provisions of a will as invalid because they have received benefits under other provisions concededly valid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1717.]

3. SAME—CONSTRUCTION—NATURE OF ESTATE.

Testator, on the happening of certain events, directed his executor to pay over his estate to the trustees of the University of Rochester, with an express desire that it should be used for purposes of female education in the city of Rochester, under the management of the trustees there, in connection with the university, or otherwise, as the trustees might determine; the estate to be held as a perpetual fund, and the income to be used for the purpose named. *Held*, that the gift was to the trustees in their corporate capacity or the university absolutely; it being within the power of the university to devote the same to female education and no trust being thereby created.

4. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION.

Where testator devised his estate to the trustees of a university, and expressed his desire that it should be used for the purposes of female education, the estate to be held by the trustees as a perpetual fund, and the income to be devoted to the object named, there was no suspension of the power of alienation.

5. CHARITIES—PURPOSE OF BEQUEST—CERTAINTY.

A devise to the trustees of a university, to be used for the purposes of female education of a high grade, in the city in which the university was located, was not void for indefiniteness as to the uses of the gift.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Charities, § 55.]

6. WILLS—BEQUESTS—CAPACITY TO TAKE—HOW DETERMINED.

Where a bequest to a university was not to vest until the death of testator's son, on whose death without lawful issue it was contingent, the capacity of the donees to take was to be determined as of the date of the death of such son, and though it could not have taken at the time of the testator's death, because of the general restrictions on the amount of yearly income of the university, where the income was subsequently increased by changes in the law, so as to make the gift within the capacity of the university to take, the legacy was valid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 23.]

7. SAME—VALIDITY OF BEQUEST.

A university, being an educational institution, is not affected by Laws 1860, p. 607, c. 360; it not being one of the corporations named in such act.

In the matter of the settlement of the accounts of J. Ewing Durand and Charles R. Morgan, as executors of Lewis H. Morgan, deceased. Decree rendered.

Egerton R. Williams, Jr., for administrator of Lemuel S. Morgan, deceased, et al.

John E. Durand, in pro. per.

Asher P. Whipple, for Harriet A. Smith et al.

Wherry & Morgan, for Harriett S. Porter et al.

Charles M. Williams (Walter S. Hubbell, of counsel), for trustees of University of Rochester.

BRUCE, S. This is a proceeding upon the accounting of the executors of the last will and testament of Lewis H. Morgan, deceased. The testator died at Rochester, N. Y., on the 17th day of December, 1881, a

resident of Monroe county, leaving the last will in question, with a codicil thereto, which will and codicil were probated in the Surrogate's Court of Monroe County on January 13, 1882. The said testator left, him surviving, his widow, Mary E. Morgan, who subsequently died in 1883, and his only son and descendant, Lemuel S. Morgan. Said widow and son during their respective lifetimes enjoyed the use and income of the principal fund of the estate. The son Lemuel was a resident of Monroe county, and died on July 29, 1905, in said county, leaving him surviving, no wife and no child or descendants. The estate left by said testator consists practically entirely of personalty; the only real estate being a small parcel of no particular value. The said personal estate is still in the hands of said executors, and is now of the value of about $75,000. Said executors at the time of the commencement of this proceeding had not converted the estate entirely into money; about $20,000 being in mortgages.

Under the provisions of the will, the trustees of the University of Rochester claim that the residuary estate (that is, all that now remains of the estate after the payment of commissions and expenses of the accounting), is the property of the University of Rochester, a corporation granted a charter by the regents of the state of New York. William H. Morgan, as administrator of the estate of Lemuel S. Morgan, deceased, the son of the testator, appears herein and claims that said bequests to the trustees of the university are void, on the following grounds: First, that the residuary provisions of said will suspend the ownership of the testator's property beyond two lives in being at his death; second, that there is no bequest to or for the University of Rochester, but that the bequest is to the gentlemen who were the trustees of said university at the time of Lemuel S. Morgan's death, as a perpetual trust, to use the income in establishing and maintaining a new institution for female education; third, that the trust attempted to be created is void on the ground of the entire indefiniteness and uncertainty of the beneficiaries and the indefiniteness as to the means and mode of its execution; fourth, that the trust attempted to be created is void because of its scheme for an indefinite accumulation of income; fifth, that at least the bequest to the University of Rochester as to one-half of the estate is void, under chapter 360, p. 607, of the Laws of 1860, relative to bequests, which provides that no person having a husband, wife, child, or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, or corporation, in trust or otherwise, more than one-half part of his estate after the payment of his or her debts.

The trustees of the University of Rochester raise the question herein that the said William H. Morgan and others of the heirs at law and next of kin, and the said William H. Morgan, as administrator of Lemuel S. Morgan, and the executor of Mary E. Morgan, deceased, the widow of said testator, are barred from maintaining their position herein because of a judgment of the Supreme Court in an action in which said William H. Morgan was plaintiff, and the said trustees and other defendants, which included some, but not all, of the parties to this proceeding, wherein the question now before us was in controversy, and the complaint of the plaintiff was dismissed.

Their claim is that said judgment is conclusive and res judicata against those claiming herein against the University of Rochester, and that the contestants, being legatees or legal representatives of legatees under the will, are estopped from objecting to the validity of any provision in the will, because of having taken benefits under the will. These questions must first be determined before proceeding to the merits of this controversy.

It appears from the evidence herein that William H. Morgan commenced an action in the Supreme Court for the construction of the will in question, and to recover for the next of kin of said Lemuel S. Morgan, deceased, the residuary estate bequeathed to the trustees of the University of Rochester, on the ground that the bequests so made to said University of Rochester were void. This action was tried; and, in an elaborate opinion, Justice Foote dismissed the complaint. The judgment does not state, nor does it appear in the judgment roll, that the complaint was dismissed upon the merits. The following, however, does appear in Justice Foote's opinion, reported at page 537 of 51 Misc. Rep., at page 1011 of 101 N. Y. Supp.:

"It is not necessary now to consider whether any personal representatives of the estate of Lemuel S. Morgan, the son, would be in a position to invoke the protection of the Constitution to prevent the application of this statute to this will. Neither plaintiff nor the defendant Mrs. Porter is entitled to represent in this action the estate or property owned by Lemuel S. Morgan at the time of his decease. If I am correct in holding that the sister and nephews and nieces acquired no interest, vested or contingent, in the personal property of Lewis H. Morgan not effectually disposed of by his will, then the complaint in this action must be dismissed, even if I am wrong in the construction which I have given to this will, and without reference to the other questions which have been so ably presented by counsel. For that reason, I shall not undertake to discuss or express any opinion upon these other questions. It is sufficient to say that the administrator of the estate of Lemuel S. Morgan, he having died intestate, is alone entitled to administer his estate and to recover such interest, if any, as he became entitled to in the funds involved in this action not effectually disposed of by the will of his father. The plaintiff's complaint must therefore be dismissed, with costs against plaintiff and against the defendant Mrs. Porter, and in favor of the defendants the trustees of the University of Rochester."

It appears that, since said judgment was taken, said William H. Morgan has been appointed limited administrator of the estate of Lemuel S. Morgan, deceased, and as such administrator asked leave to intervene and become a party to this proceeding, which privilege was granted to him as such limited administrator. In the action in the Supreme Court the office of administrator was not represented. There was no administrator of the estate of Lemuel S. Morgan then appointed, nor any a party to said suit. Harriett Porter, although a party to the said suit, was not a party as the executrix of Mary E. Morgan, deceased, the widow of said testator. Hence it appears that two estates which were not represented in said Supreme Court action are parties contestant in this proceeding. I am of the opinion that said judgment is not a bar or res judicata against the contestant William H. Morgan, as administrator of Lemuel S. Morgan, deceased, nor against Harriett Porter, as executrix of the last will and testament of Mary E. Morgan, deceased. Genet v. Delaware & Hudson Canal Co., 163 N. Y. 173, 57 N. E. 297.

As to the question of estoppel, I see no force in the objection that the legatees cannot raise this question of the construction of the will because they have received their legacies under the will. If this were an attempt to set aside the will, such an objection might prevail; but the will is not attacked. The contention is that a certain provision of the will is in contravention of the statute, and that as to that part of the estate the testator died intestate. The will stands as to the legacies not affected by the residuary gift. Accordingly, I am of the opinion that this matter must be settled upon its merits, and will pro-. ceed to the consideration of such merits by quoting the provisions of. the will pertinent hereto:

"Second. Upon the determination of said life estates, I give and devise the whole of my real and personal estate, with the exceptions hereinafter named to such child or children of my said son lawfully begotten as he may have born to him share and share alike, and to their heirs forever.

"Third. In case of the death of my said son without child or children or lawful descendants, I direct my said executors, after the death of my said wife, to convert the whole of my estate into money, in time and manner at their discretion except my family tomb at Mt. Hope Cemetery, my library and cases and my collections, and to pay over the same to the trustees of the University of Rochester, for the purposes hereinafter named.

"Fourth. Upon the occurrence of the events before named, the death of my son without children, I desire to use my said estate for the purposes of female education of high grade in the city of Rochester, and under the management of the trustees of said University; the said institution to be made a part of said University if the trustees chose to make it such or to be kept independent, and subject to their management and control. When said trustees shall have signified their acceptance of said devise and bequest, I direct my said executors to pay over the said proceeds of my estate into the hands of the said trustees of the University of Rochester, to be held by them as a perpetual fund, and the income thereof to be devoted to the objects named.

"Fifth. Since 1873, before which this plan was formed, my estate has shrunk, and it will be necessary to accumulate it, or it may be that parties will co-operate in the work of founding a female college in Rochester, I would much prefer that the fund herein provided be used in connection with other funds contributed for the same object that an institution might be created commensurate with the position and wants of Rochester.

"Sixth. I give to my son the use of my library, collections and cases for and during his natural life, and after his decease I give the same to the institution named herein should the trustees of the University accept the trust hereby created."

The first question to dispose of is whether or not, under the terms of this will, the University of Rochester is the beneficiary of the residuary estate mentioned in said will, or whether a trust has been created. If a trust has been created, we must consider the matter under the question of a trust. If no trust has been created, then we must consider the appropriate questions relative to the right of the University of Rochester to take said property.

It seems to me that the intent of the testator was to found a department, in the University of Rochester and under the direction of the University of Rochester, for female education of a high grade. The testator was a scholarly man, a man of learning and ability, and is presumed to have known that the University of Rochester was a corporation endowed with the privilege of educating the youth. Although, at the time of the making of the will and the death of the testator, the University of Rochester was not conducting a department for the education of females, nevertheless, under its charter it

was entitled at any time to undertake such work. The charter provided that:

"The regents do grant and declare that an institution for the instruction of youth in the learned languages and in the liberal and useful arts and sciences shall be, and hereby is, founded and established at or near the city of Rochester, in the county of Monroe, * * * by the name of the University of Rochester, and said corporation is by these presents invested with all the privileges and powers conceded to any college in this state."

There is no limiting of its powers as to which sex of youth it shall undertake to instruct, and it was the purpose of the testator to turn over his residuary estate to said university, the corporation, for the purpose of enabling it to educate females, either in connection with the department it already had, or, if it saw fit, a new department. The word "trust" used in said will I do not regard as intended by the testator to be used in its technical sense, but in the sense that the University of Rochester, upon receiving this property, had a responsibility to carry out, subject to the desires of the testator as set forth in his will. The context of the will clearly shows that the creation of a separate corporation was not contemplated by the will, for the institution was to be made a part of the University of Rochester, or to be kept independent. The trustees of the University of Rochester could not form another corporation, but they could carry on a department for women in a separate institution or building, or they could make it a part of the institution already formed. The trustees of the University of Rochester are a body corporate, and it is settled by authority that a gift or grant to the trustees of a corporation for a corporate purpose is a gift or grant to the corporation. New York Institution for the Blind v. How, 10 N. Y. 84.

The provision of the will suggesting that the trustees accumulate the fund until it is large enough to be of sufficient consequence to accomplish the result, and the intimation that others might join and increase the fund, further show the intention of the testator. He realized naturally that other people might be willing to add to this fund, by making subscriptions or contributions to the university to institute a woman's department, whether separate or in connection with the men's department in the college, and by a gift absolute he left it to the judgment of the university trustees in their corporate capacity to hold as an absolute gift, accumulate the income, and when the absolute gift and its increments of income, with or without other gifts, became sufficient to institute, under the university's corporate rights and privileges, provision for the education of women, it could do so. Taking any other view of the case would impute ignorance to the testator in the preparation of a provision in his will which was not lawful.

We therefore arrive at the conclusion that the University of Rochester, a body corporate, was intended by the said testator in his will to take said property as an absolute gift, for the purpose mentioned therein, the gift being subject to the life use thereof of the widow and son of the testator, and that it was also provided, if the said son died without lawful issue, the gift should not vest until the death of the son, when the contingency as to whether or not the son died with or without lawful issue was determined. Had the son left law-

ful issue, the property would have vested in such issue, and the bequest to the university would have failed; but, there being no issue of the son at the time of his decease, the vesting was immediate to the University of Rochester at Lemuel's death. McGillis v. McGillis, 154 N. Y. 539, 4 N. E. 145; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Richards v. Hartshorne, 110 App. Div. 650, 97 N. Y. Supp. 754.

In Shipman v. Rollins, 98 N. Y. 311, it was held that the capacity of the donee to take was determined as of the date when the contingency happened. Accordingly, it appears that the University of Rochester was capable of receiving this gift upon the death of Lemuel S. Morgan, and the same became vested in them immediately upon his death; and therefore the statutes in force at the time of the death of Lemuel S. Morgan determined the capacity of the university to take.

At the time of the death of the testator, December 17, 1881, the yearly income of a college, except by special charter, could not exceed $25,000. The yearly income of the University of Rochester at that date was $18,199.83; but in 1889 the Legislature amended the statute and thereby increased the permissible income to not to exceed $250,000 yearly, and in the revision of the statutes, by what is known as the University Law (chapter 378, p. 774, of the Laws of 1892), no limitation appears, but the regents may authorize property holding beyond such as shall be authorized by charter or by special or general statute. By chapter 687, p. 1805, of the Laws of 1892 (section 12 of the General Corporation Law), it is provided that, if any general or special law heretofore passed, or any certificate of incorporation, shall limit the amount of property a corporation other than a stock corporation may take or hold, such corporation may take and hold property of the value of $3,000,000 or less, or the yearly income derived from which shall be $500,000 or less, notwithstanding any such limitations. These changes in the law having taken effect before the title to the residuary estate vested, as we have already held, said statutes determine the limit to which the university may take; and the act of the Legislature in changing such limitations does not affect vested rights or make a void legacy valid. The removal or expansion of the yearly income of a college did not make a new will or affect void bequests. There is a distinction between the Legislature's attempting to make a vested void trust or bequest valid, and the Legislature's increasing the limitation capacity to take before the bequest vests, or before the probable contingency which vests it may arise. The Legislature can enlarge the capacity of a corporation to take, and as to the powers of the corporation to take the limitation must be tested at the time, and not before, the corporation is called upon or in a position to take it.

By its charter the University of Rochester was invested with all the privileges and powers conceded to any college in the state; and, accordingly, the university is entitled to hold property to the amount of $3,000,000 or less, and to have an income of $500,000 or less. It appears from the evidence that, at the time of the death of the said Lemuel S. Morgan, the productive assets of the University of Rochester amounted to $762,221.73; that the unproductive assets amounted to $633,665.16; and that the income produced by the productive assets amounted to $36,272.69. Therefore it appears that the University of

Rochester was far within the limit of the amount of its assets or its income which it was capable of holding and receiving at the time of the death of the said Lemuel S. Morgan, and that the gift or bequest under the will of the testator herein, being about $75,000, is not sufficiently large to make the holdings of the University of Rochester, or the income from its holdings, at the time of the death of the said Lemuel S. Morgan, in excess of its rights and privileges.

Another objection raised to the University of Rochester receiving this bequest, to the extent of at least one-half thereof, is the provision of chapter 360, p. 607, of the Laws of 1860. It does not seem to us that this act applies to the University of Rochester. The University of Rochester is an educational institution incorporated by the regents, and is not one of the corporations named in said act. Amherst College v. Ritch, 151 N. Y. 283, 45 N. E. 876, 37 L. R. A. 305; Allen v. Stevens, 161 N. Y. 123, 55 N. E. 568; Pritchard v. Kirsch, 58 App. Div. 334, 68 N. Y. Supp. 1049; Matter of Norton, 39 App. Div. 369, 57 N. Y. Supp. 407, affirmed 160 N. Y. 684, 55 N. E. 1098; Hollis v. Drew Theological Seminary, 95 N. Y. 166.

Having determined that the university takes this bequest as an absolute gift, and that the vesting thereof took place upon the death of Lemuel S. Morgan, the authorities relative to trusts and perpetuities cited so ably in contestant's brief do not apply, if our construction of the will of the testator is correct.

By parity of reasoning we hold that the gift of the library cases and collections under the sixth provision of the will is valid, and they likewise go to the University of Rochester as an absolute gift; the institution referred to in said clause being the University of Rochester.

In recapitulation, I find: That the testator intended his residuary bequest, including his art collection, etc., in the event of the death of his son without lawful issue, as an absolute gift to the University of Rochester, to be used by said university for the maintenance of female education; that said gift vested upon the death of the said Lemuel S. Morgan; that the said university was at that time capable of receiving the same, and the purposes for which the gift was given were within the charter and the corporate powers of the university; that the law against perpetuities does not apply to this gift to the University of Rochester; that the purpose for which the gift was given is not void because of indefiniteness as to the uses and purposes for which the gift is to be used; that the statute (chapter 360, p. 607, Laws 1860) does not apply to gifts to the University of Rochester; that the objections of the contestants should be dismissed; that the executors be directed, after payment of commissions of the executors and expenses of this accounting, to pay the balance of the estate of the said Lewis H. Morgan, deceased, now on hand, and turn over the collection, etc., now on hand, to the trustees of the University of Rochester.

The executors are allowed, in addition to their commissions, the costs of this accounting, to be taxed as a contest. The trustees of the University of Rochester are allowed costs as of a contest, to be paid out of the estate of deceased. Otherwise no costs are allowed. Let findings be drawn in accordance with the terms of this decision, and a decree entered thereupon, upon three days' notice.

Decreed accordingly.