SAWYER v. DEARSTYNE et al.

(Supreme Court, Trial Term, Washington County.   April, 1912.)

1. CHARITIES (§ 12*)—CERTAINTY AS TO PURPOSES—EDUCATION—"NEEDY"—"NEED."

Testator bequeathed property to a graduate association of Cornell University, to be used by it "in aiding and assisting needy young women students at said Cornell University as in the judgment of the officers and directors of the association may seem best and proper."  *Held*, that the word "needy" was used as an adjective, from the noun "need," defined as urgent want or necessity, and that, construed with the words "aiding and assisting," it indicated a charitable and benevolent purpose, educational in character, and as such enforceable.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 36;  Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 5, pp. 4738, 4739.]

2. CHARITIES (§ 10*)—PURPOSES OF GIFT—PUBLIC CHARACTER—"NEEDY YOUNG WOMEN STUDENTS."

"Needy young women students" constitute a class, public in character, and the limitation of a charitable bequest to the use of such students at a certain university, which is a public institution, does not affect such public character or purpose.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 34;  Dec. Dig. § 10.*]

3. CHARITIES (§ 21*)—CREATION—DEFINITENESS AS TO BENEFICIARIES.

Under Personal Property Law (Consol. Laws 1909, c. 41) § 12, and Real Property Law (Consol. Laws 1909, c. 50) § 113, declaring that a charity shall not be invalid because of the indefiniteness of the beneficiaries, a charitable bequest for the aid of "needy young women students" at a university, leaving their selection and the character of the aid to the discretion of the trustees, was sufficiently definite as to the beneficiaries.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 44–50;  Dec. Dig. § 21.*]

4. CHARITIES (§ 18*)—FAILURE TO DESIGNATE TRUSTEE—EXECUTION BY SUPREME COURT.

Since, under Personal Property Law (Consol. Laws 1909, c. 41) § 12, and Real Property Law (Consol. Laws 1909, c. 50) § 113, a trust for which no proper trustee has been designated vests in the Supreme Court, failure to designate a trustee does not invalidate a charitable trust.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 18, 42, 73;  Dec. Dig. § 18.*]

Action by Willoughby L. Sawyer, as executor of the last will and testament of Florence E. Dearstyne, against Charles Dearstyne and others to construe the will.  Will construed, and findings to be prepared accordingly.

Rogers & Sawyer, of Hudson Falls, for plaintiff.

Sherman Peer, of Ithaca, for Cornell Alumnæ House Ass'n and another.

A. N. Richards, of Hudson Falls, guardian ad litem, for infant defendants.

George A. Ingalls, of Hudson Falls, for defendant Gifford.

Thomas Carmody, Atty. Gen., for the State.

Bratt & Van Wormer, of Argyle, for defendant Keller.

WHITMEYER, J.    [1] Florence E. Dearstyne, testatrix, died October 10, 1910, leaving a last will and testament, duly admitted to probate by the surrogate of Washington county, the ninth or residuary clause of which is as follows:

"I give, devise and bequeath all the rest, residue and remainder of my property of every kind and nature to the Woman's Graduate Association of Cornell University at Ithaca, N. Y., to be used by said Association in aiding and assisting needy young women students at said Cornell University as in the judgment of the officers and directors of said Association may seem best and proper."

The Woman's Graduate Association was not a corporation, and was not in existence at the time of the death of testatrix. It is claimed that the residuary clause is invalid. In view of the decision by the Court of Appeals in Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023, it seems to me that the clause in question should be declared valid and enforceable. The purpose of the gift, as set forth in the will, was to aid and assist needy young women students at Cornell University. The words "aiding" and "assisting" have a well-defined meaning. The word "needy" is used as an adjective. The noun "need" is defined to mean "a state requiring supply or relief; pressing occasion for something; urgent want; necessity; exigency." Webster's International Dictionary, 1910 Ed.; Matter of Robinson, supra. These words, construed together, indicate a charitable and a benevolent purpose, and, construed in connection with the word "students," indicate a charitable and a benevolent purpose, educational in character.

[2] "Needy young women students" constitute a class, public in character. The limitation of the bequest to the use of such students at Cornell University does not affect its public character or public purpose. Williams v. Williams, 8 N. Y. 525; Starr v. Selleck, 145 App. Div. 869, 130 N. Y. Supp. 693, affirmed 205 N. Y. 545, 96 N. E. 1116. Moreover, Cornell University is a public institution.

[3] The beneficiaries are indefinite, but that is not fatal. Personal Property Law, § 12; Real Property Law, § 113. The testatrix intended that the bequest be used for the benefit of young women students at Cornell University, who need and require aid and assistance in securing their education. The selection of the young women and the character of the aid and assistance to be rendered are left to the discretion of the trustee; but it is clear that such

selection must be made from those young women students at the University, who are in need of such aid and assistance, and that the aid and assistance to be given must be confined to the uses specified. So construed, the purpose of testatrix was definite and within the language of the statute.

[4] The fact that she has failed to designate a proper trustee does not invalidate the gift or bequest. Under the statute, the trust vests in the Supreme Court. The questions of its administration and enforcement for the uses specified may be determined on the settlement of the decree.

Findings may be prepared accordingly.