BUELL v. GARDNER et al.

(Supreme Court, Equity Term, Ontario County.   January 3, 1914.)

1. WILLS (§ 698*)—ACTIONS TO CONSTRUE—JURISDICTION.

   The Supreme Court has jurisdiction of an action to construe a will, brought by the next of kin, who is not a legatee thereunder.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1676; Dec. Dig. § 698.*]

2. WILLS (§ 697*)—ACTIONS TO CONSTRUE—RIGHT OF ACTION—ESTOPPEL.

   Where the next of kin of testatrix was not a legatee, she was not estopped to bring an action for the construction of bequests in trust by accepting from a legatee certain articles which came from the estate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1671–1675; Dec. Dig. § 697.*]

3. CHARITIES (§§ 10, 21, 22*)—PERPETUITIES (§ 8*)—CHARITABLE TRUSTS—VALIDITY.

   Testatrix, after reciting that it was her desire to so place her property that it would permanently do the most good to the greatest number of people, and to carry out the wishes of her deceased husband, for the purpose of aiding and helping young men and women to get an education, of helping the cause of temperance in a specified county, and of giving aid to old persons who were needy and worthy of assistance, authorized the formation of a corporation and devised to it $30,000, to be divided into three equal and separate funds, the income of one to be used for the education of worthy young men and women, the income of another to be used for temperance and the overthrow of the liquor traffic in such county, to defray the expenses of the No License League, the Anti-Saloon League, the Prohibition Party, or any kindred organization in such county most in need of financial support for the purposes therein stated, and the income of the third to be expended for the aid of persons in such county whose age, sickness, or other circumstances made it right that they should receive assistance; the persons to be so benefited and assisted to be chosen and decided upon by a majority of the directors of the corporation.   *Held*, that a valid charitable trust was created, since such trust did not violate the statute against perpetuities, there was nothing uncertain or indefinite as to the beneficiaries or purposes of the trust, and the provisions as to the temperance fund were intended to help the cause of temperance, and not to advance the fortunes of any league or political party.

   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 34, 44–56; Dec. Dig. §§ 10, 21, 22;* Perpetuities, Cent. Dig. §§ 57–66; Dec. Dig. § 8.*]

4. CHARITIES (§§ 7, 22*)—CHARITABLE TRUSTS—VALIDITY.

   Testatrix, after authorizing the formation of a corporation and bequeathing to it a specified sum in trust for certain charitable purposes, gave the residue of her estate to a trustee to apply the net income for the benefit of such institutions and persons as might be worthy, needy, and deserving thereof, and authorized the trustee to pay over any portion of the income to such corporation and to use the income for educational and benevolent purposes, but only in such instances as he might be satisfied should receive such aid.   *Held*, that a valid charitable trust was created, since the purposes of the trust were indicated with sufficient clearness to enable the Supreme Court to control the trustee, and it was intended that the beneficiaries should be worthy, needy, and deserving institutions and persons who were objects of charity and benevolence.

   [Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 17, 51–56; Dec. Dig. §§ 7, 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. CHARITIES (§ 31*)—CONSTRUCTION TO UPHOLD VALIDITY.
    A will containing bequests in trust should be so construed, if possible, as to sustain the trust, to the end that the fund may be devoted to the purposes intended by testatrix.

    [Ed. Note.—For other cases, see Charities, Cent. Dig. § 63; Dec. Dig. § 31.*]

Action by Sarah A. Buell against Anson L. Gardner and another, as executors of Harriet M. Goodsell, deceased, and others, for a judicial construction of certain items of the will of such deceased. Judgment for defendants dismissing the complaint.

George D. Peck, of Canandaigua (John Desmond, of Rochester, of counsel), for plaintiff.

Clair L. Morey, of Canandaigua (Anson L. Gardner, of Canandaigua, of counsel), for defendant Gardner.

Martin E. Rigney, of Rochester, for defendant Rigney.

Thomas Carmody, Atty. Gen., in pro. per.

Francis L. Granley, Deputy Atty. Gen., for the State.

Frank H. Hausner, of Corning, for defendant Anti-Saloon League.

George I. Teter, of Geneva, for defendant Prohibition Party.

E. A. Griffith, of Geneva, for defendant Women's Christian Temperance Union.

George A. Nicholson, of Canandaigua, guardian ad litem for certain infants.

CLARK, J. The motion of defendants, made at the opening of the case, for a dismissal of the complaint upon various grounds, and upon which motion decision was reserved, is denied, with an exception to each of the defendants.

[1] The Supreme Court has jurisdiction to entertain this action. Tonnele v. Wetmore, 195 N. Y. 436, 88 N. E. 1068.

[2] This plaintiff was not a legatee under Mrs. Goodsell's will, and the fact that another person, who was a legatee under the will, gave to plaintiff certain articles which came from Mrs. Goodsell's estate, would not be effectual to estop plaintiff from bringing this action. Even if plaintiff had been a legatee under the will, and had received articles devised to her under certain items thereof, that would not preclude her from maintaining an action to construe other items of the will. Matter of Morgan, 56 Misc. Rep. 235, 107 N. Y. Supp. 393, affirmed 127 App. Div. 945, 111 N. Y. Supp. 1118; 194 N. Y. 477, 87 N. E. 677.

But this plaintiff was not a legatee under the will, and the various grounds upon which defendants asked the court to dismiss the complaint seem to be without merit. The plaintiff is the sole next of kin of Harriet M. Goodsell, deceased, and she brings this action to construe the sixteenth and forty-ninth items of said will, which has been duly admitted to probate in the Surrogate's Court of Ontario County.

[3] By the sixteenth item of the will in question, testatrix authorized the formation of a corporation, and devised to such corporation the sum of $30,000, to be divided into three separate funds, as fol-

lows: One of $10,000, the interest and income of which was to be used for the education of young men and women who were worthy of such assistance; one of $10,000 to be known as the Goodsell Temperance Fund, the interest or income of which was to be used for temperance and the annihilation and overthrow of the liquor traffic in the county of Ontario, to defray the expenses of the No License League, the Anti-Saloon League, the Prohibition Party, or any kindred organization in Ontario county most in need of financial support, for the purposes herein stated; one of $10,000, to be known as the Goodsell Christian Aid Fund, the interest and income of which was to be used, paid out, and expended for the aid, comfort, and relief of that class of persons, who by reason of age, sickness, or other circumstances, making it right and proper that they should receive assistance, all of which persons shall at the time of such aid or assistance reside in the county of Ontario, the persons to be so benefited and assisted shall be chosen and decided upon by a majority of the directors of said corporation.

Said sixteenth item of the will further provides that, if any of the funds above named should not be required for the purposes for which they were set apart, then the use and income of said fund shall be used for the other purposes therein set forth, in such amounts and in such manner as to the directors might seem best. The said sixteenth item further provided that in case the corporation above mentioned was not organized, or should be dissolved, then the said bequests and moneys were given to the trustee named in said will for the purposes in said item designated, "he to have all the rights, duties, powers, authority and discretion herein given to said society."

[4] The forty-ninth item of the will is as follows:

"Forty-Ninth. Being desirous that the residue of my property not herein specifically disposed of shall be used for the benefit of worthy institutions and worthy persons, I hereby give, bequeath and devise all of the rest, residue and remainder of my property and estate, not by me hereinbefore disposed of, to my trustee hereinafter named, in trust, he to invest and re-invest the same in savings banks, trust companies, good and sufficient securities, or in real estate, and to collect and receive the interest and income arising therefrom, and to use, apply and expend the net income thereof for the benefit of such institutions and persons who may be worthy, needy and deserving of the same. And he is hereby further authorized and empowered to pay over any portion of said net income to the corporation or society hereinbefore provided for the purposes of said society, and to use said net income for educational and benevolent purposes, but only in such instances as he may be satisfied should receive such aid."

There are other portions of the forty-ninth item providing for selecting a successor to the trustee, etc., which are not important to refer to here at length.

The intention of this testatrix is perfectly clear. Either by reading together the two items in question, or by reading them separately, and in what testatrix intended to do, it was perfectly plain that she was trying to carry out a purpose, formed by herself and her deceased husband, to spend the liberal amount of property with which they had providentially been endowed for the purpose of helping poor, needy, suffering humanity, and for the additional purpose of advancing the

cause of temperance in the county where they had lived and died. It is the duty of the court, in construing the items of Mrs. Goodsell's will which are assailed here, to carry into effect her wishes, if that can be done within the law.

The sixteenth item of the will in my opinion creates a perfectly valid trust for charitable and benevolent purposes. Under its terms her executors were directed to form a corporation for the express purpose of executing the charitable and benevolent work she so much desired, and she gave $30,000 for its purposes. There can be no misunderstanding about her intention, for she says:

"Having the custody and control of a large amount of property, and desiring to so place it that it will permanently do the most good to the greatest number of people, and to carry out the wishes and desires of my deceased husband, and for the purpose of aiding and helping young men and young women to get an education, and of helping the cause of temperance in the county of Ontario, and of giving aid, sustenance and comfort to old persons who are needy and worthy of assistance, I hereby direct my executors hereinafter named, etc."

She clearly intended to create a charitable trust to carry out religious, charitable, and benevolent work in Ontario county, and that does not violate the statutes of this state against perpetuities. Fowler on Charitable Uses, Trusts, etc., 111; Williams v. Williams, 8 N. Y. 525.

By this item of her will testatrix created three distinct and separate funds of $10,000 each. One of these funds was for the education of young men and young women who were worthy of such assistance. The money was not to be given to any persons as individuals, but to young men and young women as a class, such as were worthy of assistance; the next fund was for the aid and comfort and relief of the aged and sick in Ontario county; and the other one was for the advancing of the cause of temperance in Ontario county, and to that end she provided that moneys be paid to defray the expenses of the No License League, Anti-Saloon League, and Prohibition Party, and kindred organizations in Ontario county.

There is no possible question in my mind as to the validity of the entire sixteenth item of the will, including the temperance fund, for, while it would be possible perhaps to so construe that item that the fund could seemingly be used for an improper and illegal purpose, such as defraying the expenses of a political party in violation of the statute, still a careful reading of the clause shows that the testatrix had in mind, not the advancing of the fortunes of a political party, but her purpose was the benevolent and charitable one of advancing the cause of temperance in Ontario county through its agency, and she sought to do that by defraying certain expenses of the No License League, the Anti-Saloon League, and the Prohibition Party. Her entire scheme was to help the cause of temperance in the county of Ontario, and not to advance the fortunes of any league or political party, and no matter how much any trustee might seek to advance his own fortunes, or those of the Prohibition Party, he could be held in check by the court, to the end that this lady's charitable and benevolent purposes should be carried out, and they are perfectly clear.

The general purposes of the trusts mentioned in the sixteenth item of Mrs. Goodsell's will were charitable. Her purpose was the well-being of humanity; there was nothing uncertain or indefinite either as to the beneficiaries or the purposes of the trusts, and I think they are perfectly valid. Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455; Personal Property Law (Consol. Laws 1909, c. 41) § 12; Sawyer v. Dearstyne (Sup.) 139 N. Y. Supp. 955.

Forty-ninth clause: By the forty-ninth clause of the will, above quoted, the testatrix directs that the residue of her estate shall be given to the trustee named, to invest and reinvest the fund and to apply the income arising therefrom for the benefit of "institutions and persons who may be worthy, needy and deserving of the same." It is perfectly plain that the purposes of this lady were not only charitable and benevolent, but most worthy. The language used should be given its natural meaning, and not a strained and unnatural meaning, and when she said that the income of the residuum of her estate should be used for institutions and persons who might be worthy, needy, and deserving of the same, she did not mean any particular individuals or institutions, but she referred to the beneficiaries as a class who might be worthy, needy, and deserving, and I think that she thereby created a valid trust for charitable and benevolent purposes. Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023; Matter of Cunningham, 206 N. Y. 601, 100 N. E. 437; Personal Property Law, § 12.

All of the recent decisions of the higher courts of this state tend to make effectual public and charitable gifts when that is possible. There is nothing in the language used in this will which would warrant a construction that it was the intention of the testatrix to give her bounty to private institutions or individuals. On the contrary, while the beneficiaries are not particularly named, still they are referred to as a class, and the charitable purposes of Mrs. Goodsell are perfectly plain; for when she said that the income of the residuum of her estate was to go to institutions and individuals who are worthy, needy, and deserving of the same, she meant worthy, needy, and deserving institutions and individuals who are objects of charity and benevolence.

[5] It is a fact perhaps that each one of the items of the will under consideration would be susceptible of different constructions, and that is especially so with reference to the temperance fund mentioned in the sixteenth item; but a construction should be adopted, if possible, which would sustain the trust to the end that the fund may be devoted to the purposes intended by the testatrix. Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712; Mee v. Gordon, 157 N. Y. 400, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172; Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023.

I can see no difficulty whatever in sustaining the forty-ninth item of this will, for it is perfectly plain that the object of the testatrix was to assist institutions and persons who are worthy, needy, and deserving of the same. There is nothing so very obscure about that; the purposes are certainly indicated with sufficient clearness to enable the Supreme Court to control the action of any trustee, at the instance

of the Attorney General, to the end that this most worthy trust should be enforced and executed in accordance with the plain intention of the lady who created it.

The trusts under both items of the will sought to be construed in this action sufficiently define the beneficiaries, and the purpose of the testatrix is perfectly plain, and I have no doubt the trusts can be enforced by the courts.

Mr. Justice Sawyer, in his unreported opinion in the case of Baptist Home of Monroe County v. Anson L. Gardner, as Trustee, 144 N. Y. Supp. 275, in construing the forty-ninth item of this will, aptly comments as follows:

"There seems to be no indefiniteness or uncertainty as to the purpose of the trusts erected by the forty-ninth clause of the will of Harriet M. Goodsell herein submitted to the court for construction. Her feeling that the wealth which was hers was but held in trust under God for the benefit of mankind, and her sense of responsibility for its just use, is vividly set forth in the opening words of the sixteenth clause of the will, and clearly indicates * * * that she intended that the residue of her estate should be used for the benefit of worthy institutions and worthy persons."

And the above quotation from Justice Sawyer's opinion would apply with equal force to the sixteenth item of the will in question.

The spirit of love, and kindness, and temperance, and religion pervade the entire instrument, and my conclusion is that by both the sixteenth and forty-ninth items of her will Mrs. Goodsell created perfectly valid and subsisting trusts for public, charitable, and benevolent uses and purposes.

Findings may be submitted, and judgment is directed in favor of defendants, dismissing plaintiff's complaint, and counsel may submit briefs on the question of costs not later than January 20, 1914.