Supreme Court, October, 1921.     [Vol. 116.

HENRY W. UNGER and GEORGE H. MERKEL, as Surviving Executors of and Trustees under the Last Will and Testament of BENNO LOEWY, Deceased, Plaintiffs, v. ISABELLA LOEWY et al., Defendants.

(Supreme Court, New York Special Term, October, 1921.)

Wills — construction of — a university comes within the provisions of section 17 of the Decedent Estate Law.

> Testator, leaving a widow, bequeathed his residuary estate, exceeding one-half of his net estate, to a university for a special foundation if it would accept the same on the conditions named in the will. *Held,* that the provisions of section 17 of the Decedent Estate Law apply to a university and that the bequest was valid only to the extent of one-half of the net estate.

ACTION for the construction of a will.

Moss, Marcus & Wels (Isidor Wels and Charles A. Strauss, of counsel), for plaintiff.

Lind & Pfieffer (Alfred D. Lind, of counsel), for defendant Isabella Loewy.

Sackett, Chapman, Brown & Cross (Henry W. Sackett and Stanley D. Brown, of counsel), for defendant Cornell University.

Alger & Coughlan, for defendant Johns Hopkins University.

John E. Roeser, for defendants Goldberger and Dornbrowsky.

Charles D. Newton, attorney-general (Samuel Strasbourger, special deputy attorney-general, of counsel), for People.

TIERNEY, J. The testator bequeathed his residuary estate to Cornell University for a special foundation if it would accept the same on the conditions named in the will, and otherwise to some similar institution of learning that would accept the gift on the same terms. The testator left a widow, and it is not disputed that the gift to Cornell University exceeds one-half of the net value of the estate. The executors bring this action to have determined whether they can tender the gift for acceptance to the extent of more than one-half the value of the estate. The question presented is whether the provision of the statute (Decedent Estate Law, § 17) applies to a university or college. That section provides: " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more." A university is an educational corporation. Is it embraced in the description used in the statute of a literary or scientific corporation? A college ordinarily may be regarded as an institution for teaching the arts and sciences. In that sense of broad nomenclature it is a literary and scientific corporation. Are the words in the statute to be construed as used in this comprehensive sense or do they refer only to certain corporations created under corresponding divisions of the law for incorporation of particular kinds of corporations? The counsel for the university has traced the origin of this statute showing that it was first attached merely as a limitation upon the powers of certain corporations to receive and hold funds. These corporations did not include a college or

university. Afterwards, although in similar phraseology, it was transferred to the general law regulating the making of wills. It is argued that the words must still be referred to their meaning in the original context. I am of the opinion that this is not a proper method of construction. As originally formulated the provision was a limitation upon the power of certain corporations to receive testamentary gifts. When the provision was enacted as part of the law regulating the making of wills, it became a limitation upon the power of a testator to dispose of his property by will. As such it was not designed to limit the power of the corporations to receive and hold property by gift, but it was intended to prevent a testator from sacrificing the claims of his near relatives to some sentimental impulse of altruism. Whatever its origin it should be construed in the light of its obvious intention in its present context. In view of the object sought to be prevented by the present statute there is no reason for construing the text in any technical sense or for not adopting a general and comprehensive application of the words used. There is as much mischief accomplished by the diverting of the testator's funds to a university or college as to a literary or scientific society from those whose claims the statute says must not be disregarded. Educational institutions stand on no better footing before the law than other similar corporations in preferring a right to profit through what the statute regards as an injustice to the immediate relatives. There is an objection to the method of construction urged by the counsel for the university that he has not seemed to answer. If we refer the words of the statute to corporations created under particular statutes and conclude that a corporation not created under such statutes is excluded from the operation of this statute, what is the result if the beneficiary hap-

pens to be a corporation created under the statute of another state? Such a corporation would not be created under any of the statutes referred to and by this reasoning would be excluded from the application of the restriction. So we would seem to have the result that a testator might bequeath all of his property to a foreign corporation and only half to a corporation created under the laws of this state. The surrogate of Monroe county construed this section of the law as urged by the counsel for the university in *Matter of Durand* v. *Morgan,* 56 Misc. Rep. 235. He did not give his reasons for reaching such a result. His decision was affirmed by the Appellate Division (127 App. Div. 945) and the Court of Appeals (194 N. Y. 477). There was no opinion in the Appellate Division. The Court of Appeals affirmed upon the ground that the statute had not been violated as to the amount of more than one-half having been bequeathed to the university. The decision of the surrogate was not called for, therefore, by the facts of the case. I do not think that this case is an authority upon the question or that I am bound in any way to adopt the opinion of the surrogate. The Court of Appeals has discoursed at length on the rights growing out of this section upon the assumption that it applied to educational institutions, such as universities and colleges. *Amherst College* v. *Ritch,* 151 N. Y. 282. Counsel suggests that the members of the court and the eminent counsel who argued that case overlooked the question of this point in their interest in the other points involved. This may be, but the suggestion is not very persuasive to me. I am willing to make a decision that the gift to Cornell University, or alternatively to the other institutions, comes within the limitation of this statute and is valid only to the extent of one-half of the net estate. I think the executors are entitled to have the will construed

to that extent to guide them in carrying out its provisions. I decline to make any ruling on the other questions presented. The executors have made no accounting and bring no funds into court needing a direction for distribution. Their duty is to tender the gift as so limited. All questions as to distribution of the estate can be properly disposed of when the executors make their account. They need no present direction and the court should not give any by anticipation. Let a decision be settled on notice. Costs are awarded to the several parties appearing by separate attorneys and an extra allowance to the plaintiffs of $750 and to the attorneys for Cornell University of $500, all payable out of the funds of the estate.

Ordered accordingly.