

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 26, 1962

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-1402

Re: Exemption from inheritance tax of devise and bequest to United Texas Drys.

From your letter requesting the opinion of this office on the above captioned subject, together with the file which you have furnished us, we have been apprised of the following facts.

Minnie G. Kyle devised and bequeathed 1/3 of the residue of her estate to the United Texas Drys. The provision of the will in question reads as follows:

> "8. Upon the death of the survivor of the persons named as income beneficiaries in Paragraph 5 hereof, the Corporate Trustee shall distribute the property then held in trust, as follows:
>
> ". . .
>
> "(c) One-third (1/3) to United Texas Drys, for use solely in the State of Texas, in such manner as shall be consistent with the public charitable purpose of stamping out the evil of intemperance, with its train of vice, misery and crime."

The United Texas Drys is a non-profit corporation incorporated under the laws of the State of Texas. The purpose clause of its charter reads as follows:

> "The purpose for which it is formed is to support the educational and missionary undertaking of exterminating the traffic of beverage alcohol in the State of Texas, and to further the temperance education and organization of the Youth in Texas, as authorized by Sub-division 2 of Article 1302 of the

Texas Revised Civil Statutes."

You request that we advise you as to whether the devise and bequest to this corporation is entitled to the exemption provided in Article 14.06, Title 122A, 20-A, Tax.-Gen., Vernon's Annotated Texas Statutes, for bequests to "any religious, educational or charitable organization, incorporated, unincorporated or in the form of a trust, when such bequest, devise, or gift is to be used within this state."

We are of the opinion that under the above quoted portion of the will, the United Texas Drys received the devise and bequest in trust and are limited in the use of said devise and bequest to the stated purpose of "stamping out the evil of intemperance, with its train of vice, misery and crime."

Does a trust of this nature constitute a charitable trust? We quote the following excerpt from 4 Scott on Trusts (2d Ed.), Sec. 374.1 at p. 2669:

> "In numerous cases it has been held
> that a trust for the promotion of tem-
> perance in the use of intoxicating liquors
> is charitable."

Quoted in the footnote below are the authorities supporting the above statement.[1]

---

[1] "England: See In re Hood, /1931_7 1 Ch. 240, noted in 4 Aust. L.J. 18, 11 Can. B. Rev. 53, 169 L.T. 158, 281, 170 id. 73, 171 id. 222, 74 Sol. J. 143 (1930); Federal: Girard Trust Co. v. Commissioner of Internal Revenue, 122 F.(2d) 108, 138 A.L.R. 448 (C.C.A.3d, 1941) (citing the text), noted in 46 Dickinson L. Rev. 199, 30 Georgetown L.J. 316, 14 Rocky Mt. L. Rev. 70, 90 U. Pa. L. Rev. 365, 27 Wash. U. L. Q. 276; California: People v. Dashaway Association, 84 Cal. 114, 24 Pac. 277, 12 L.R.A. 117 (1890); Indiana: Haines v. Allen, 78 Ind. 100, 41 Am.Rep. 555 (1881); Massachusetts: Saltonstall v. Sanders, 11 Allen 446 (Mass. 1865); Sherman v. Congregational Home Missionary Society, 176 Mass. 349, 57 N.E. 702 (1900); Bowditch v. Attorney General, 241 Mass. 168, 134 N.E. 796, 28 A.L.R. 713 (1922); New York: Buell v. Gardner, 83 Misc. 513, 144 N.Y. Supp. 945, 149 N.Y. Supp. 803 (1914); Ohio: Dirlam v. Morrow, 102 Ohio St. 279, 131 N.E. 365 (1921); Wisconsin: Harrington v. Pier, 105 Wis. 485, 82 N.W. 345, 50 L.R.A. 307, 76 Am. St. Rep. 924 (1900); Canada: Farewell v. Farewell, 22 Ont. Rep. 573 (1892); In re McDougall, /1939_7 1 D.L.R. 783 (Ont.); See 21 A.L.R. 951, 952 (1922); 73 Id. 1361 (1931)."

We quote further from Section 374.1:

"There can be no doubt, as the Greeks recognized, that moderation in all things is desirable. There is no doubt that the excessive use of intoxicating liquors is detrimental, not merely to the individual guilty of the excess, but also to the community. Drunkenness is accountable for many crimes and for much damage to life and property, particularly today in connection with the use of motor vehicles. The courts have had no difficulty in holding that the promotion of temperance in the use of intoxicating liquors is of such benefit to the community as to make a trust to accomplish the purpose a charitable trust.

". . . The courts are not concerned with the question of what method of promoting temperance is best adapted to the purpose. A trust for the promotion of temperance is a valid charitable trust if any method is to be employed which reasonable persons may believe is adapted to that end. Moreover, a trust providing generally for the promotion of temperance, without specifying the method to be employed, is charitable." (Cited in support of the last quoted statement to the effect that a trust providing generally for a promotion of temperance is charitable, are the authorities quoted below.) [2]

At page 178, Bogert 2-A, Trusts and Trustees, Sec. 379, the following statement is made:

"Somewhat similar to trusts to develop kindness and mercy toward animals are gifts for the cause of honor, courage, morality, and temperance, which are regarded as charitable. These trusts

---

[2] "Saltonstall v. Sanders, 11 Allen 446 (Mass. 1865); Harrington v. Pier, 105 Wis. 485, 82 N.W. 345, 76 Am.St.Rep. 924, 50 L.R.A. 307 (1900)."

might be classed as educational. They
bear close relationship to religious
trusts also in that they tend to pro-
mote the spiritual development of man."
(Emphasis Supplied).

Numerous authorities, which we will not repeat here, are
cited in support of the statement that gifts for the cause of tem-
perance are charitable.

Since the trust under consideration is so universally recog-
nized as charitable, and since the trust funds will be spent with-
in this State, this devise and bequest is entitled to exemption
from inheritance taxes. We need not consider and do not pass upon
whether the devise and bequest would have been entitled to exemp-
tion if it had been an outright and unrestricted gift to the cor-
poration for use for all of its charter purposes.

## S U M M A R Y

A devise and bequest in trust to United Texas
Drys, a non-profit Texas corporation, for use solely
within the State of Texas in such manner as shall be
consistent with stamping out alcoholic intemperance
is exempt from inheritance taxes since the trust funds
will be used for a charitable purpose within this State.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

L. P. Lollar
Henry Braswell
Ernest Fortenberry
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL By:  Leonard Passmore